United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 4, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50452
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROLANDO HERNANDEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:05-CR-117-ALL
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

     Rolando Hernandez appeals from his conviction of possession
with intent to distribute methamphetamine.  He contends that the
district court erred by denying his motion to suppress his
confession and other evidence.  Hernandez asserts that all of the
evidence found in his vehicle and his statement should be
suppressed because he was not given his Miranda v. Arizona, 384
U.S. 436 (1966), warnings upon being referred to the secondary
inspection area at the immigration checkpoint at which he was
stopped.  He argues that being referred to secondary inspection

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

when agents have a reasonable suspicion of criminal activity is, by its very nature, tantamount to being placed under arrest. Moreover, Hernandez suggests that the process of being referred to secondary inspection is inherently coercive and renders any consent involuntary.

Referral to secondary inspection at a border checkpoint does not constitute an arrest requiring Miranda warnings. United States v. Garcia, 616 F.2d 210, 211 (5th Cir. 1980); United States v. Martinez, 588 F.2d 495, 497-98 (5th Cir. 1979); see United States v. Kiam, 432 F.3d 524, 530 (3d Cir.), cert. denied, 126 S. Ct. 1453 (2006). Moreover, the evidence indicates that the consent to search was obtained either during, or immediately after, routine checkpoint procedures. The stop therefore was not impermissibly extended beyond the scope of an immigration stop. United States v. Machuca-Barrera, 261 F.3d 425, 435 (5th Cir. 2001). Once Hernandez gave his consent, the agents needed no further justification to prolong the encounter. See id. The district court did not err by denying Hernandez's motion to suppress.

AFFIRMED.