UNITED STATES of America,
Plaintiff-Appellee,

v.

Isaac Hernandez OLIVERA,
Defendant-Appellant.

No. 77–5149
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 18, 1978.

J. Robert McKissick, Corpus Christi, Tex. (Court-appointed), for defendant-appellant.

J. A. Canales, U. S. Atty., James R. Gough, George A. Kelt, Jr., Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., Robert Berg, Asst. U. S. Atty., Corpus Christi, Tex., John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

Defendant appeals his conviction for possession of marijuana with intent to distribute, 21 U.S.C.A. § 841(a)(1), contending that the search was unreasonable, the evidence should have been suppressed, and a hearing should have been held on the status of the checkpoint at which it was seized. Having concluded that the district court did not err in its determination that the Sarita checkpoint was the functional equivalent of the border at the time of the seizure, we affirm.

On October 1, 1973, defendant was stopped for an immigration check at the border patrol checkpoint located five miles south of Sarita, Texas. Suspicious of the truck and its contents, border patrol agents conducted a secondary search of the open bed truck which lead to the discovery of

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

numerous plastic bags containing marijuana piled under the top layers of oranges.

On appeal to this Court, we remanded to the district court for a determination of whether the Sarita checkpoint was the functional equivalent of the border on October 1, 1973, in accordance with *United States v. Reyna*, 563 F.2d 1169 (5th Cir. 1977) ["*Reyna I*"]. *United States v. Olivera*, 567 F.2d 389 (5th Cir. 1978). On remand, the district court took judicial notice of the findings already rendered on remand in *Reyna* which also dealt with the Sarita checkpoint.

 In its additional findings, the district court has carefully and thoroughly considered the factors necessary to a determination of functional equivalence in light of *United States v. Alvarez-Gonzalez*, 542 F.2d 226 (5th Cir. 1976) (factors: relative permanence, minimal interdiction of domestic traffic, practical necessity of the substitution of the interior checkpoint for the border to monitor international traffic). *See also United States v. Reyna*, 572 F.2d 515 (5th Cir. 1978) ["*Reyna II*"].

Although *Reyna II* dealt with an incident in 1974 and the instant case arose as a result of a 1973 incident, the evidence before the district court in that case encompassed the period 1972–1977. In the instant case, the court below carefully examined the relevant evidence at the time in question and properly concluded that there was no material difference in the status of the checkpoint between the two dates. Although defendant requested a hearing on this issue, he has suggested no additional evidence which would warrant a different conclusion.

The Sarita checkpoint being a functional equivalent of the border, the search conducted by the border patrol agent was legally permissible.

AFFIRMED.