**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Inez Luz BALDERAS,
Defendant-Appellant.**

No. 78–5710
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

June 15, 1979.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

L. Aron Pena, Edinburg, Tex., for defendant-appellant.

J. A. Canales, U. S. Atty., John M. Potter, James R. Gough, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before AINSWORTH, GODBOLD and VANCE, Circuit Judges.

PER CURIAM:

Appellant was stopped at the Sarita, Texas, permanent checkpoint, which is the functional equivalent of the border. *United States v. Reyna,* 572 F.2d 515 (CA5, 1978); *United States v. Olivera,* 582 F.2d 24 (CA5, 1978); *United States v. Clay,* 581 F.2d 1190 (CA5, 1978); *United States v. Moreno,* 579 F.2d 371 (CA5, 1978); *United States v. Torres,* 590 F.2d 156 (CA5, 1979). Although neither probable cause nor reasonable suspicion was required, the Border Patrol agent smelled marijuana coming from appellant's truck while questioning appellant about his citizenship. Thereafter appellant's pickup was searched and a load of marijuana discovered.

There is no merit to the argument that the Border Patrol agent was deprived of power to carry out his function because, before he approached appellant's vehicle, a state trooper at the checkpoint had checked appellant's driver's license and inquired about car ownership papers.

AFFIRMED.

* Rule 18, United States Court of Appeals, Fifth Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co.,* 431 F.2d 409 (5th Cir. 1970).