**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David Jason MARKS, Defendant-Appellant.**

**No. 79–5137 Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 1, 1979.

Rehearing Denied Oct. 31, 1979.

---

1. Appellant Sims was convicted in 1974.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Engel, Aronson, Fried & Cohn, Don S. Cohn, Miami, Fla., for defendant-appellant.

Bruce A. Zimet, Linda Collins Hertz, Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before CLARK, GEE and HILL, Circuit Judges.

PER CURIAM:

The factual background of Marks' appeal of his convictions for conspiracy to distribute, possession with intent to distribute, and distributing cocaine is as follows: After prior arrangements to sell five pounds of cocaine to undercover Agents Ball and Bachelier of the Drug Enforcement Administration, one Vendetti travelled to South Miami with Appellant Marks, where Marks obtained a briefcase containing cocaine. Marks and Vendetti returned to the agents' motel to meet them. Vendetti and Agent Ball sat at the motel lounge bar, while Marks sat at a table behind them. Vendetti informed Ball that he was carrying five pounds of cocaine in his briefcase. When Ball asked Vendetti who Marks was, Vendetti identified him as his partner, saying "without him, we wouldn't have this two kilo front."

The two agents and Vendetti next retired to the agents' motel room, where Vendetti displayed the cocaine. After a sample field-tested positive for cocaine, Vendetti was arrested and detained. Bachelier then returned to the lounge and informed Marks that they were very happy with the cocaine, Marks replying that he knew they would be happy, since the cocaine was "dynamite stuff," adding that he would call his source and find out when another five pounds previously discussed could be delivered. He also stated that it would take forty-five minutes to an hour to go for the cocaine and the same amount of time to return with it. He was then arrested.

Appellant's trial was severed from that of Vendetti, whose conviction was affirmed on all three counts by this court in an unpublished opinion. *United States v. Vendetti*, 594 F.2d 862 (table) (5th Cir. 1979). Appellant's initial jury trial resulted in a mistrial when the jury was unable to reach a verdict. He was later retried, found guilty on all three counts, and now brings this appeal.

■ Marks challenges the admission of his statements to Special Agent Ball following Vendetti's arrest. It is his contention that even though he was not in custody at the time he made incriminating statements to Special Agent Bachelier, the fact that the agent had probable cause *to arrest* Appellant at the time he engaged him in conversation required the exclusion of Appellant's statements under *Miranda v. Arizona* and *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964).

The argument is without merit. There is no occasion to require *Miranda* warnings or to invoke *Miranda* 's exclusionary sanction, unless one speaks while undergoing custodial interrogation. *United States v. Martinez*, 588 F.2d 495, 498 (5th Cir. 1979). This court utilizes four factors in determining whether an interrogation was "custodial": (1) probable cause to arrest, (2) the subjective intent of the interrogators to hold the subject; (3) the subjective belief of the suspect concerning the status of his freedom, and (4) whether the investigation has focused on the suspect. *United States*

*v. Micieli*, 594 F.2d 102, 105 (5th Cir. 1979). Marks' argument is based solely on the presence of the first and fourth of these factors. There is no reason, however, to think that the third factor was present. At the time the federal agent engaged Marks in conversation, Marks was not aware either of the agents' true identities or of Vendetti's arrest. He therefore had no reason to think he was restrained in any manner whatever. Since Appellant's remarks were uttered in a context completely free from coercion, *Hoffa v. United States*, 385 U.S. 293, 303–04, 87 S.Ct. 408, 17 L.Ed.2d 374 (1966), there is no basis for an inference of a custodial interrogation; thus, no violation of *Miranda* occurred.

■ Marks also argues that the trial court erred in admitting evidence of Vendetti's statements, made in furtherance of the conspiracy between Vendetti and Marks. The gist of the argument is that there was no showing of the substantial independent evidence required as a predicate to the statements' admission.

In Marks' first trial, the court held an evidentiary hearing of the type prescribed by the panel decision in *United States v. James*, 576 F.2d 1121, 1132 (5th Cir. 1978) (modified en banc, 590 F.2d 575 (5th Cir. 1979)). After hearing testimony of Special Agent Bachelier and the alleged co-conspirator, Vendetti, but without relying on the statements in question, the court concluded that the necessary threshold showing had been made and that Vendetti's statements were admissible.

Before the jury was sworn in the present trial, the government's oral motion for incorporation of the court's prior ruling on admissibility was granted without objection from Marks' counsel. The co-conspirator, Vendetti, testified at retrial, and both Agents Ball and Bachelier testified without objection, that Vendetti had called Marks his "partner, without [whom] we wouldn't have this two kilo front." Therefore, no objection to admissibility of the statements appears from the record of this trial sufficient to preserve the point for review. Reviewed under the standard of plain error,

the point is without merit, since Marks' own conversation with Special Agent Bachelier sufficed to show the existence of a conspiracy and Appellant's involvement in it. The trial court therefore did not err in admitting evidence of statements made by Vendetti during the course of the conspiracy.

Marks also questions the sufficiency of the evidence on two of the elements necessary for conviction on each count. He first claims that insufficient evidence was presented on the necessary intent to commit the charged offenses. This contention is meritless: Marks' and Vendetti's statements to Agents Ball and Bachelier, together with Vendetti's testimony at trial, provided ample evidence of Appellant's criminal intent concerning the charged offenses. He also claims that there was insufficient evidence of the identity of the seized substance, since no stipulation was entered before the jury that the controlled substance was cocaine. The assertion is untrue, since such a stipulation was entered at trial. Both Appellant's sufficiency claims are therefore without merit.

AFFIRMED.