IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

# STATE OF TENNESSEE v. MICHAEL T. GILLIAM

**Direct Appeal from the Criminal Court for Hawkins County**
**No. 7467     James E. Beckner, Judge**

---

**No. E1999-01112-CCA-R3-CD  - Decided April 12, 2000**

---

The defendant, Michael T. Gilliam, appeals from his Class E felony conviction of manufacturing marijuana.  The trial court imposed the maximum sentence of two years to be served in the Department of Correction.  In this appeal, the defendant challenges the sufficiency of the convicting evidence and the length of the sentence.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court is Affirmed**

WITT, J., delivered the opinion of the court, in which RILEY, J., and WOODALL, J., joined.

John S. Anderson, Rogersville, Tennessee, for the appellant, Michael T. Gilliam

Paul G. Summers, Attorney General and Reporter, R. Stephen Jobe, Assistant Attorney General, Nashville, Tennessee, C. Berkeley Bell, Jr., District Attorney General,  Michelle Green, Assistant District Attorney General, for appellee, State of Tennessee

**OPINION**

A Hawkins County Criminal Court jury convicted the defendant of one count of the Class E felony of manufacturing marijuana, and the trial court imposed the maximum incarcerative sentence of two years.  Based upon the proof of the defendant's constructive possession of growing marijuana plants, we conclude the evidence is sufficient to support his conviction.  We also conclude that the record supports the trial court's sentence.

On July 2, 1998, a Hawkins County Sheriff's Department officer, who was trained to spot growing marijuana plants from the vantage point of helicopter flight, flew over the defendant's rural Hawkins County property and adjacent tracts of land. The officer spotted a patch of marijuana growing in a "cut out area" in the midst of cedar trees and brush. From the air, the officer could see "a path that led back to the corner of the yard of the mobile home" from the patch in the cut out area. He also saw a second patch "behind the shed, which it looked like it was adjacent to the mobile home."

The officer in the helicopter summoned ground crew officers to the scene who followed the path from the mobile home yard to the marijuana patch in the cut out area. There were no fences or other obstructions to foot travel along this path. Also, in the area behind the shed, the officers found 28 marijuana plants, some of which were bedded in wooden planters. The shed was approximately 40 feet from the mobile home, and a photograph that was admitted into evidence showed that the end of the mobile home was visible from the location of these 28 plants.

The defendant owned the property where the mobile home sat, and he resided in the mobile home with his wife, his three sons, and his wife's brother, Alvin "Chipmunk" Carter. Although the evidence is not clear, the area around the shed where the 28 plants were discovered was apparently located on the defendant's property. The patch of marijuana located at the end of the path in the cut out area was not situated on the defendant's property but was located on a tract of land whose non-resident owner was not identified in the record.

The defendant's brother-in-law, Alvin "Chipmunk" Carter, had been residing with the defendant at the mobile since Carter's release from jail six to eight weeks before July 2. He left the home on July 3, the day after the officers discovered the marijuana. Mr. Carter testified that he had previously been convicted on two occasions for possession of marijuana, but he invoked the Fifth Amendment when asked if he knew about the marijuana that was discovered on July 2. The defendant testified that he had no knowledge of either patch of marijuana.

In his first issue, the defendant complains that the evidence was not sufficient to support the conviction. The defendant maintains that the state failed to prove that he possessed the growing marijuana. When an accused challenges the sufficiency of the convicting evidence, this court must review the record to determine if the evidence adduced at trial is sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt based upon direct evidence, circumstantial evidence, or a combination of direct and circumstantial evidence. State v. Dykes, 803 S.W.2d 250, 253 (Tenn. Crim. App. 1990).

In determining the sufficiency of the convicting evidence, this court does not re-weigh or re-evaluate the evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn.(3 McCanless) 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from

the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence are resolved by the trier of fact, not this court. Id. In State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973), our supreme court said, "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State."

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused, as the appellant, has the burden in this court of illustrating why the evidence is insufficient to support the verdicts returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982). This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the facts contained in the record are insufficient, as a matter of law, for a rational trier of fact to find that the accused is guilty beyond a reasonable doubt. Id.

A crime may be established by direct evidence, circumstantial evidence, or a combination of the two. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987). Before an accused may be convicted of a criminal offense based upon circumstantial evidence, the facts and the circumstances "must be so strong and cogent as to exclude every other reasonable hypothesis save the guilt of the defendant, and that beyond a reasonable doubt." State v. Crawford, 225 Tenn. 478, 482, 470 S.W.2d 610, 612 (1971). "A web of guilt must be woven around the defendant from which he cannot escape and from which facts and circumstances the jury could draw no other reasonable inference save the guilt of the defendant beyond a reasonable doubt." Id. at 484, 470 S.W.2d at 613.

"Relative to drug possession cases, a conviction may be had upon either actual or constructive possession." State v. Brown, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991). Constructive possession occurs when the accused has "the power and intention at a given time to exercise dominion and control over . . . [the drugs] either directly or through others." Id. (citations omitted). Constructive possession is "'the ability to reduce an object to actual possession.'" Id. (quoting United States v. Martinez, 588 F. 2d 495 (5th Cir. 1979)). "The law does not require actual or physical possession of the drugs since control over the substance is sufficient." State v. Clifford Eugene Bailey, No. 73, slip op. at 3 (Tenn. Crim. App., Knoxville, Apr. 14, 1988).

In Clifford Eugene Bailey, this court considered a defendant's challenge to the sufficiency of the evidence convicting him of possession of marijuana which, during a helicopter overflight, was discovered growing in a field. Id., slip op. at 1. The officers testified that a path ran from the marijuana patch to the defendant's residence. Id. In finding the evidence sufficient to convict Bailey, this court said that the sufficiency of the evidence presented "a classic jury question." Id., slip op. at 3.

Applying the above principles of law to the evidence in the light most favorable to the state, we also conclude that the present case presents a jury question and that the evidence is sufficient to support the jury's verdict. The jury heard circumstantial proof that both patches were

within the dominion and control of the defendant. The jury was justified in finding that the patches of marijuana, especially the patch of 28 plants which was located near the shed from which the mobile home could be seen, were constructively possessed by the defendant.[1] The jury heard the defendant's proof, including the defendant's own testimony in which he denied knowing of the existence of the marijuana. The jury obviously rejected the defendant's testimony, as was its prerogative.

We now turn to the defendant's complaint that his sentence is too lengthy. When there is a challenge to the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review of the record with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. §40-35-401(d) (1997). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). "The burden of showing that the sentence is improper is upon the appellant." Id. In the event the record fails to demonstrate the required consideration by the trial court, review of the sentence is purely de novo. Id. If appellate review reflects the trial court properly considered all relevant factors and its findings of fact are adequately supported by the record, this court must affirm the sentence, "even if we would have preferred a different result." State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

---

[1]     Simultaneous possession of marijuana in more than one location constitutes only one offense. Brown, 823 S.W.2d at 581. However, we are mindful that, in cases in which "two instances of possession constitute[s] 'distinct conceptual groupings,' each of which would constitute a crime under the same count of the indictment," concerns for the assurance of jury unanimity might be raised. See id. at 583. In Brown, the evidence showed that the defendant possessed cocaine on two different days and in three different locations. Id. at 581. This court held that unanimity concerns did not compel the state to make an election of offenses because there was only one possession and hence one offense. Id. However, the Brown court held that

> [I]n cases involving evidence which shows a real potential that a conviction may occur as result of different jurors concluding that the defendant committed different acts, each of which separately showing the commission of an offense, the trial court must augment the general unanimity instruction to insure that the jury understands its duty to agree unanimously to a particular set of facts.

Id. at 583. Even though the defendant has not raised a Brown issue, we have assessed the present case to determine if a "real potential" existed for non-unanimous jury action as an inquiry of plain error. See Tenn. R. Crim. App. 52(b). We conclude that, because the proof the defendant possessed marijuana near the shed is cogent, any jury voting to convict the defendant would necessarily accept the proof of this possession, regardless of whether he or she accepted proof of possession of the marijuana in the more remote patch. Accordingly, we fail to see any plain error in not augmenting the usual jury instructions.

In making its sentencing determination, the trial court, at the conclusion of the sentencing hearing, determines the range of sentence and then determines the specific sentence and the propriety of sentencing alternatives by considering (1) the evidence, if any, received at the trial and the sentencing hearing, (2) the presentence report, (3) the principles of sentencing and arguments as to sentencing alternatives, (4) the nature and characteristics of the criminal conduct involved, (5) evidence and information offered by the parties on the enhancement and mitigating factors, (6) any statements the defendant wishes to make in the defendant's behalf about sentencing, and (7) the potential for rehabilitation or treatment. Tenn. Code Ann. §40-35-210(a), (b) (1997); Tenn. Code Ann. §40-35-103(5) (1997); State v. Holland, 860 S.W.2d 53, 60 (Tenn. Crim. App. 1993).

In the present case, the trial court's sentencing judgment is entitled to the presumption of correctness.

The trial court enhanced the defendant's Range I sentence to the maximum of two years, based upon the defendant having "a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range." See Tenn. Code Ann. § 40-35-114(1) (1997). The trial court applied this enhancement factor because the defendant was convicted of DUI in 1982 and 1994. The trial court also applied the mitigating factor that "the defendant's criminal conduct neither caused nor threatened serious bodily injury." See Tenn. Code Ann. § 40-35-113(1) (1997).

Enhancement factor (1) regarding the defendant's prior criminal history was applicable, although we recognize that both the prior convictions were misdemeanors and one of them was remote in time. However, given the presumption of correctness, we must defer to the trial court to weigh the enhancement and mitigation factors. The application of a mitigating factor does not guarantee the imposition of a less-than-maximum sentence, especially when the sentencing range is only one year. See, e.g., State v. Pike, 978 S.W.2d 904, 928 (Tenn. 1998) (appendix). See also State v. Braden, No. 01C01-9610-CC-00457, slip op. at 14 (Tenn. Crim. App., Nashville, Feb. 18, 1998) (enhancement factors may be sufficient "to firmly embed the sentence in the ceiling," so as to resist the pull of a mitigating factor to reduce the sentence to a level less than the maximum). We find no reversible error in the trial court's sentence.

The trial court's judgment is affirmed.