# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. ROBIN K. DODSON

**Direct Appeal from the Circuit Court for Rhea County**
**No. 13796     J. Curtis Smith, Judge**

---

**No. E1999-00387-CCA-R3-CD - Decided**
**May 19, 2000**

---

A Rhea County jury convicted the appellant, Robin K. Dodson, of one (1) count of possession with the intent to sell marijuana and one (1) count of public intoxication. The trial court sentenced the appellant to concurrent terms of two (2) years for felonious possession of marijuana and thirty (30) days for public intoxication, suspended upon service of fifteen (15) days in the county jail. On appeal, the appellant contends that the trial court erred in excluding certain testimony as hearsay. After a review of the record, we conclude that statements made by a passenger in the appellant's vehicle were offered not for the truth of the statements themselves, but rather to explain why the appellant made inconsistent statements regarding his ownership of the marijuana found in his vehicle. As a result the statements are not hearsay and thus the trial court erred in excluding them. Because we cannot conclude that this error was harmless, under the circumstances, we must reverse the appellant's conviction for possession with the intent to sell marijuana and remand for a new trial.

**T.R.A.P. 3 Appeal as of Right; Judgment of the Circuit Court of Rhea County is Reversed and Remanded**

SMITH, J., delivered the opinion of the court, in which TIPTON, J., and WELLES, J., joined.

B. Jeffery Harmon, Jasper Tennessee, for the appellant, Robin K. Dodson.

Paul G. Summers, Attorney General and Reporter, Elizabeth B. Marney, Assistant Attorney General, Nashville, Tennessee; J. Michael Taylor, District Attorney General and Sherry Gouger, Assistant District Attorney, Jasper, Tennessee for appellee, State of Tennessee.

## OPINION

.

In the early morning hours of June 1, 1995, the appellant, Julie Elsea and Bill Leming were returning from a cookout on Skull Island when Officer Neal Nichols of the Rhea County Sheriff's Department stopped their vehicle. Nichols stopped the vehicle because the driver of the vehicle was attempting to cross a closed bridge. Another officer requested that Elsea, the driver of the vehicle, step out of the vehicle while he checked her driver's license, and Nichols stuck his head inside the

window of the vehicle and chatted with the appellant and Leming.

While conversing with the passengers of the vehicle, Nichols detected the odor of fresh marijuana. When he asked the men whether there was "any dope" in the vehicle, the appellant responded, "yes, there is." The appellant then reached behind the bench seat of the truck and pulled out a bag of marijuana.[1] The appellant told the officer that the marijuana belonged to him. The officer placed the appellant under arrest and transported the appellant and Leming to the Rhea County Jail.[2] During the ride to the jail, the appellant stated that he had never "tried anything like this" and that he had grown the marijuana to "make some money."

At trial, Julie Elsea testified that she and the appellant went to the Skull Island party at Leming's behest. While they were at the party, Elsea observed Leming taking a bag of marijuana from another man and placing it behind the seat of the truck. Soon thereafter, she, the appellant and Leming left the party and were stopped by officers from the Rhea County Sheriff's Department. Elsea testified that, although the appellant told the Officer Nichols that the marijuana belonged to him, she never saw the appellant touch the marijuana prior to their being stopped by the officers.

The appellant testified on his own behalf at trial. He stated that he also observed Leming purchasing the marijuana from another partygoer and placing it in the vehicle. When they left Skull Island and saw the officers on the bridge, the appellant testified that he and Leming had a "conversation." The appellant stated that he then told the officers that the marijuana was his. The appellant testified that he was "pretty well drunk" at the time. However, the appellant denied that the marijuana belonged to him.

The jury found the appellant guilty of one (1) count of possession with the intent to sell marijuana and one (1) count of public intoxication. He was sentenced to concurrent terms of two (2) years for felonious possession of marijuana and thirty (30) days for public intoxication, suspended upon service of fifteen (15) days in the county jail. From his conviction for felonious possession of marijuana,[3] the appellant now brings this appeal.

**I.**

In his sole issue on appeal, the appellant claims that the trial court erred in excluding certain testimony as inadmissible hearsay. Specifically, he asserts that the court erred in refusing to allow him and Elsea to testify as to the "conversation" he had with Leming prior to being stopped by the police. The appellant contends that he claimed ownership of the marijuana because Leming asked him to claim the marijuana. He alleges that he attempted to introduce Leming's statements to prove the effect on him as the hearer. Thus, he argues that Leming's statements were nonhearsay and the trial court erred in excluding the testimony.

---

[1] At trial, the parties stipulated to the admission of a TBI Lab Report which indicated that the bag contained 557.8 grams of marijuana.

[2] Leming was charged with public intoxication, and Elsea was charged with driving on a suspended license. The appellant was also charged with public intoxication.

[3] The appellant does not challenge his conviction for public intoxication.

During Julie Elsea's direct testimony, defense counsel asked Elsea about the conversation between the appellant and Leming after they realized that they would be stopped by the police. The state objected to Leming's statements as hearsay, and the trial court held a jury-out hearing. Defense counsel argued that Leming's statements were being offered not to prove the truth of the matter asserted, but to explain why the appellant told the police officer that the marijuana belonged to him.

During an offer of proof, both the appellant and Elsea testified that Leming asked the appellant to claim the marijuana. The appellant testified that, when they saw the patrol cars on the bridge:

> That's when Bill said, . . . "There's the law." He said, "Oh, hell, what are we going to do with it?"
>
> . . .
>
> He said, "Robin, if you'll take this," he said, "I'll pay your bondsman, I'll pay bond for you. I'll hire you a lawyer and pay any fines." He said, "But I can't handle this, because this is my sixth time."

The trial court determined that, by introducing Leming's statements, the appellant was attempting to prove the truth of the matter asserted, i.e., that the marijuana belonged to Leming and not the appellant. Thus, the court excluded the statements as inadmissible hearsay.

**II.**

According to the Tennessee Rules of Evidence, hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered to prove the truth of the matter asserted." Tenn. R. Evid. 801(c). Hearsay evidence is generally inadmissible. Tenn. R. Evid. 802. However, extrajudicial statements offered to prove the effect on the hearer constitute nonhearsay evidence and are admissible. State v. Venable, 606 S.W.2d 298, 301 (Tenn. Crim. App. 1980); *see also* N. Cohen, S. Sheppeard & D. Paine, Tennessee Law of Evidence § 801.6 (3d. ed. 1995).

Here, the testimony was not offered to prove the truth of Leming's statements as to his intentions about hiring a lawyer for appellant, making the appellant's bond or Leming's criminal record, but to prove the effect that the statements had on the appellant as the listener. The testimony was relevant because it might have explained to the jury why the appellant claimed ownership of the marijuana at the time of the incident, but denied ownership at trial. As a result, this testimony constitutes nonhearsay evidence and is admissible. Thus, we conclude that the trial court's exclusion of Leming's statements was erroneous.

**III.**

The state contends that, even if the trial court erred in excluding the testimony, such error was harmless because the evidence of the appellant's guilt was overwhelming. The state insists that the

evidence clearly demonstrates that the appellant constructively possessed the marijuana, and as a result, this Court should affirm the appellant's conviction. We must disagree.

Certainly, the evidence demonstrates that the appellant constructively possessed the marijuana. The appellant testified that he knew Leming had placed a bag in the truck behind the seats and that the bag contained marijuana. It is well-established that "possession" may be actual or constructive. State v. Brown, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991). Constructive possession is "the ability to reduce an object to actual possession." State v. Williams, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981) (quoting United States v. Martinez, 588 F.2d 495 (5th Cir. 1979)); *see also* State v. Cooper, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987).

However, the appellant was convicted of possession of marijuana with the intent to sell. Other than his statements at the time he was arrested, there is little evidence of the appellant's intent to sell. Without the admission of Leming's statements which could arguably explain the appellant's actions on the night of the incident, we cannot conclude that the jury would nevertheless have returned a verdict of guilt for possession with the intent to sell marijuana. Therefore, we can not conclude that this error was harmless.

## IV.

The trial court erred in excluding testimony regarding Leming's statements to the appellant on the night he was arrested. Furthermore, because this Court can not conclude that this error was harmless, we reverse the appellant's conviction for possession of marijuana with the intent to sell and remand this case for a new trial.