# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs at Knoxville October 24, 2012

## STATE OF TENNESSEE v. MERSHAUN WILLIAM SCOTT

**Appeal from the Criminal Court for Davidson County**
**No. 2011-D-2893    J. Randall Wyatt, Jr., Judge**

_____

**No. M2012-00830-CCA-R3-CD - Filed December 28, 2012**

_____

The Defendant, Mershaun William Scott, was convicted in a bench trial by the Davidson County Criminal Court of simple possession of marijuana and received a thirty-day sentence, suspended to unsupervised probation, and a $250 suspended fine. See T.C.A. § 39-17-418 (2010). The Petitioner contends that the evidence is insufficient to support his conviction. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined. D. KELLY THOMAS, JR., J., not participating.

Melissa Harrison, Assistant Public Defender (at trial and on appeal); and Jeffrey A. DeVasher, Assistant Public Defender (on appeal), Nashville, Tennessee, for the appellant, Mershaun William Scott.

Robert E. Cooper, Jr., Attorney General and Reporter; Kyle Hixson, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Rachel Thomas, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

At the trial, Metro Police Detective Chad Young testified that he stopped the Defendant, who was driving a white Mercedes, around 3:55 a.m. on October 20, 2010, for a "nonvisible temp tag." He said he approached the driver's side of the car and spoke with the Defendant. He said he told the Defendant why he stopped him and asked him to step out of the car to show him that the temporary license plate could not be seen. He said that they stood at the back of the car and that he gave the Defendant instructions on where to place the

license plate where it could be seen. He said that during their conversation about the license plate, he asked the Defendant for consent to search the car and that the Defendant consented. He said that Officer Michael Buchanan, who had arrived during the stop, began searching the car. Detective Young stated that a passenger was on the front seat of the Defendant's car but that he did not obtain the passenger's information. He said the Defendant and the passenger stood with him at the back of the car while Officer Buchanan searched.

Detective Young testified that he did not participate in searching the car but that Officer Buchanan found and gave him a small "baggie" of marijuana and a small piece of "blunt style rolling paper that was burnt on the end." He said that neither the Defendant nor the passenger made statements about the items found in the car. He said that he did not document in his citation that the passenger made any statements claiming the marijuana was his and that he would have documented such statement if it occurred. He said that only the Defendant was charged for possession of the marijuana and that if the passenger had claimed the marijuana was his, the passenger would have been charged. He said that he placed the marijuana and "blunt style" rolling paper in a sealed evidence bag and that he took the items to the evidence storage locker. He said he was unable to determine who owned the car.

On cross-examination, Detective Young testified that he was the arresting officer but that he did not complete an arrest report because it was a "State's citation." He said he was unfamiliar with the arrest report completed by Officer Buchanan and was unaware that Officer Buchanan did not document the rolling papers in the arrest report. He agreed he did not search the car but said Officer Buchanan did. He stated that he drove behind the Defendant's car before he stopped it, that no cars were between them, and that it was dark outside. He said that temporary license plates were a "little more difficult" to see in the dark but that he could usually see them. He said that he could see "mostly" the whole windshield of the Defendant's car when he was driving behind it but that he could not completely see the Defendant's temporary license plate. He said that although he could not read all six numbers on the license plate, he determined the car had a temporary license plate. He stated that he could read all of the numbers after he left his patrol car and approached the Defendant's car and that he did not cite the Defendant for failure to properly display the temporary license plate.

Detective Young testified that he asked for the Defendant's consent to search the car because the location was a "high drug area" that the police worked frequently. He said he did not smell marijuana, other drugs, or alcohol. He agreed that the Defendant was not doing anything illegal and that the Defendant stopped immediately when the officer initiated his blue lights. He said he did not recall the Defendant's denying or confirming the marijuana was his. He said the marijuana was found on the floorboard under the driver's seat of the Defendant's car. He said that he asked the Defendant and the passenger if there were any

drugs, guns, knives, or weapons in the car and that they denied there were. He said that he knew the substance in the bag was marijuana from his experience and because it was a green, leafy substance but that he did not field test it. He said it was a small amount of marijuana. He admitted that the paper found in the car was commonly used on cigars. The State introduced the vehicle registration showing that the Defendant owned the car.

Metro Police Officer Michael Buchanan testified that he responded to assist Detective Young at a traffic stop on October 20, 2010. He said that when he arrived, Detective Young was asking the Defendant for consent to search the car and that the Defendant consented. He said that after the Defendant consented, he asked the passenger to step out of the car, obtained consent from the passenger to search his person, searched the passenger, and searched the car. He found a small amount of marijuana under the driver's seat and a piece of rolling paper. He said that he did not remember where in the car he found the rolling paper and that he did not document it. He said the passenger did not claim the marijuana. He said he gave the marijuana and rolling paper to Detective Young. On cross-examination, Officer Buchanan said he completed a "State misdemeanor citation" in this case.

Tennessee Bureau of Investigation Special Agent Forensic Chemist Cassandra Franklin-Beavers testified that she tested the substance found in the Defendant's car, that she determined the weight of the substance was slightly more than one-tenth of one gram, and that the substance was marijuana. On cross-examination, she stated that the marijuana was a relatively small amount in comparison to the amounts she usually tested but that she had no difficultly testing it.

Defense counsel read into evidence a letter written by Joseph Gentry Smith as a stipulation to what he would say if called to testify. Mr. Smith said the marijuana found in the car was his. He said he did not claim the marijuana on the night of the stop because he was on federal probation and because his punishment would have been harsher than the Defendant's. He said that because he violated his probation and was incarcerated at the time of the trial, he wanted to "carry [his] own weight" and claim the marijuana.

The Defendant testified that he lived in Chicago at the time of the traffic stop but was in Nashville visiting. He said that he moved to Tennessee and that he worked at Nissan in Smyrna. He said he had no previous adult criminal convictions. He said that on October 20, 2010, he bought a 1993 white Mercedes from a car dealership and obtained a temporary license plate for the car. He said that the owner of the car dealership in Cookeville placed the license plate in his back windshield and that the license plate was about 70% up the window, not at the very top.

The Defendant testified that he was driving at 3:55 a.m. on the morning of the incident because his cousin, Joseph Smith, called and asked the Defendant to pick him up after a fight with his girlfriend. He said that at the time of the trial, Mr. Smith was in federal prison. He said that he stopped immediately after the blue lights were activated and that he did not know why he was stopped. He said he did not know why he was stopped until the officer "pulled" the Defendant out of the car and said he could not see the temporary license plate while sitting in the police car. He said he was not cited for failing to display his temporary license plate properly. He said that the officer asked if he could search the car and that he said, "No." He said the officers searched the car without his consent. He said that he did not know there was marijuana in the car, that he had not seen the plastic bag with the marijuana in it, and that it was not his. He said that he denied the marijuana was his and that he did not know the marijuana was his cousin's. He said that he returned to the car dealership to complain about the placement of his temporary license plate but that the dealership told him the license plate was correctly placed.

On cross-examination, the Defendant testified that he had no proof he bought the car on October 20, 2010, and that he bought the car with cash. He stated that he could obtain a copy of the bill of sale from the dealership but that he did not bring it with him to court. He said the two officers lied when they said he consented to the search because he did not consent. He said that the officer searched his pockets and that when the officer asked to search the car, he said, "No, but y'all are going to do what y'all are going to do anyway." He said the officer found $2000 in his pocket. He said that he bought the car the day before the incident. He said that after he bought the car, he parked it at his girlfriend's house in east Nashville and had not cleaned it. He said that his cousin called, that he picked up his cousin, and that he was stopped after he picked up his cousin. He said that his cousin had the opportunity to place the marijuana on the driver's side of the car when he stepped out of the car for the officer.

At the conclusion of the trial, the trial court found the Defendant guilty of possession of marijuana. The Defendant received a thirty-day sentence, suspended to unsupervised probation, and a $250 suspended fine. This appeal followed.

The Defendant contends that the evidence is insufficient to support his conviction because the State did not prove that he "knowingly possess[ed]" the marijuana found in his car. He argues that no marijuana was found on his person or at any location in the car that he could have seen from his location in the driver's seat. He argues there was no proof that he had actual or constructive possession of the marijuana. The State counters that the evidence is sufficient to support the Defendant's conviction. We agree with the State.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh the evidence but presume that the trier of fact has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the State. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Questions about witness credibility are resolved by the jury. See State v. Bland, 958 S .W.2d 651, 659 (Tenn. 1997).

"A crime may be established by direct evidence, circumstantial evidence, or a combination of the two." State v. Sutton, 166 S.W.3d 686, 691 (Tenn. 2005) (quoting State v. Hall, 976 S.W.2d 121, 140 (Tenn. 1998)). Circumstantial evidence alone may be sufficient to support a conviction. State v. Richmond, 7 S.W.3d 90, 91 (Tenn. Crim. App. 1999); State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988). The standard of proof is the same, whether the evidence is direct or circumstantial. State v. Dorantes, 331 S.W.3d 370, 379 (Tenn. 2011). Likewise, appellate review of the convicting evidence "'is the same whether the conviction is based upon direct or circumstantial evidence.'" Id. (quoting State v. Hanson, 279 S.W.3d 265, 275 (Tenn. 2009)).

Relevant to this case, "[i]t is an offense for a person to knowingly possess . . . a controlled substance, unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of professional practice." T.C.A. § 39-17-418(a) (2010). A person acts knowingly who is aware of the nature of his or her conduct or that the circumstances exist. Id. § 39-11-106(a)(20) (2010).

Possession may be either actual or constructive. State v. Shaw, 37 S.W.3d 900, 903 (Tenn. 2001). Constructive possession occurs when a person knowingly has "'the power and the intention at a given time to exercise dominion and control over an object, either directly or through others.'" State v. Williams, 623 S .W.2d 121, 125 (Tenn. Crim. App. 1981) (quoting United States v. Craig, 522 F.2d 29, 32 (6th Cir. 1975)). Constructive possession is the "ability to reduce an object to actual possession." Williams, 623 S.W.2d at 125 (quoting United States v. Martinez, 588 F.2d 495 (5th Cir. 1979)). "[A]lthough a defendant's mere presence at a place where controlled substances are found will not support an inference of possession, a person in possession of the premises where controlled substances are found may also be presumed to possess the controlled substances themselves." State v. Ross, 49 S.W.3d 833, 846 (Tenn. 2001) (citing State v. Transou, 928 S.W.2d 949, 956 (Tenn. Crim. App. 1996); Armstrong v. State, 548 S.W.2d 334 (Tenn. Crim. App.1976)).

In the light most favorable to the State, the evidence shows that the Defendant owned the car and was driving when the car was stopped. Officer Buchanan found the marijuana under the driver's seat. The verdict shows that the trial court did not credit the Defendant's cousin's letter claiming ownership of the marijuana or the defense that the car dealership placed the marijuana under the driver's seat. The Defendant's ownership and possession of the car are evidence of his "ability to reduce [the marijuana] to actual possession." Williams, 623 S .W.2d at 125 (quoting Martinez, 588 F.2d 495). We conclude that the evidence is sufficient to support the Defendant's conviction.

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE