[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 27, 2010
JOHN LEY
CLERK

No. 09-15518
Non-Argument Calendar

_____

D. C. Docket No. 08-60347-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BREYAHN GAVIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 27, 2010)

Before DUBINA, Chief Judge, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Breyahn Gavin appeals his conviction for being a felon in

possession of firearms and challenges both the denial of his motion for judgment of

acquittal after the jury deadlocked at his first trial, and the sufficiency of the evidence after his conviction at his second trial. For the reasons that follow, we affirm Gavin's conviction and the order denying his motion for judgment of acquittal in the first trial.

I.

In 2009, an administrative search of Gavin's apartment by a probation officer and others, and a second search conducted by authorities with a warrant, resulted in the seizure of three firearms hidden in the kitchen pantry. As a result, a grand jury charged Gavin, a convicted felon, with knowingly possessing those firearms, in violation of 18 U.S.C. § 922(g)(1). Gavin's first trial ended in a mistrial, but both before and after that point, he moved for acquittal based on insufficient evidence. The district court, however, denied his motions.

After the government rested at his second trial, Gavin again moved for a judgment of acquittal based on insufficient evidence, which the district court denied. The defense then rested, without calling any witnesses. The jury returned a guilty verdict, finding that Gavin knowingly possessed the three firearms in question. The court sentenced Gavin to 78 months' imprisonment, followed by three years' supervised release.

Gavin now appeals, arguing that the government failed to prove at his first

trial that he had constructive possession of the firearms and that, accordingly, the district court erred by denying his motions for judgment of acquittal. Similarly, Gavin argues that, in his second trial, the government failed to prove that he had constructive possession of the firearms because it did not show, beyond a reasonable doubt, that he knew that the firearms were hidden in the apartment.

## A.

"We review *de novo* a district court's denial of [a motion for] judgment of acquittal on sufficiency of evidence grounds." *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007) *cert. denied*, 128 S. Ct. 2962 (2008). "In reviewing a sufficiency of the evidence challenge, we consider the evidence in the light most favorable to the Government, drawing all reasonable inferences and credibility choices in the Government's favor. If a reasonable jury could conclude that the evidence establishes guilt beyond a reasonable doubt, we will affirm the verdict." *Id.* (citations omitted).

To convict a defendant under 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt that: (1) the defendant is a convicted felon; (2) he knowingly possessed a firearm; and (3) the firearm affected or was in interstate commerce. *See* 18 U.S.C. § 922(g)(1); *United States v. Wright*, 392 F.3d 1269,

3

1273 (11th Cir. 2004).[1]   The government can show that the defendant had actual or constructive possession of the firearm to satisfy the second prong.  *United States v. Sweeting*, 933 F.2d 962, 965 (11th Cir. 1991).

"A defendant has constructive possession if he exercises ownership, dominion, or control over the firearm.  A defendant also has constructive possession if he has the power and intention to exercise dominion or control.  The defendant may exercise that dominion and control either directly or through others."  *United States v. Gunn*, 369 F.3d 1229, 1235 (11th Cir. 2004) (citations omitted).  "In essence, constructive possession is the ability to reduce an object to actual possession."  *United States v. Martinez*, 588 F.2d 495, 498 (5th Cir. 1979), *abrogation of other point of law recognized by United States v. Moya*, 74 F.3d 1117 (11th Cir. 1996).  "The firearm need not be on or near the defendant's person in order to amount to knowing possession."  *Wright*, 392 F.3d at 1273 (citing *United States v. Winchester*, 916 F.2d 601, 603-04 (11th Cir. 1990) (holding that firearm found behind couch when defendant was not home sufficient for conviction under 18 U.S.C. § 922(g)).

We have concluded that a constructive possession of contraband in an apartment is established when a defendant is listed on the lease as a resident and

---

[1] At both trials, Gavin stipulated to the first and third elements and does not challenge either on appeal.

his name is on the rent receipts. *United States v. Morales*, 868 F.2d 1562, 1573 (11th Cir. 1989). In addition, constructive possession can be established by showing that a defendant had "dominion or control over the premises" in which a firearm was located. *See United States v. Derose,* 74 F.3d 1177, 1185 (11th Cir. 1996). "However, a defendant's mere presence in the area of contraband or awareness of its location is not sufficient to establish possession." *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006) (internal quotation marks omitted).

Viewed in the light most favorable to the government, we conclude from the record that the evidence at Gavin's first and second trials showed that the apartment was Gavin's residence and that he therefore had constructive possession of the firearms concealed in the pantry. Just the day before officers conducted the administrative search, Gavin reported to his probation officer, as he had done in prior months, that the apartment was still his residence. Although he also announced that he was looking for a new place to live, he notably did not indicate that he had already moved. Evidence also showed that, as recently as two weeks before the administrative search, he was in the apartment early in the morning when his probation officer made a home visit. Moreover, the jury could have reasonably inferred from Gavin's "slump"—upon hearing that a firearm had been

5

discovered—that he had previous knowledge of firearms concealed in the pantry. We conclude that this evidence is sufficient to support a jury determination that Gavin had constructive possession of the firearms in the apartment. *See Morales*, 868 F.2d at 1573.

Because credibility determinations rest with a jury, the jury could have disbelieved testimony by Gavin's sister—during the first trial—that he was living with her. In any event, even if Gavin had been living with his sister for a period of weeks prior to his arrest, he still had unrestricted access to the apartment and, in contradiction to his sister's testimony that all of his clothes were at her house, clothes belonging to him were found in the bedroom he designated as his own. A jury could therefore reasonably infer that, while he may have been living elsewhere, Gavin nevertheless exercised control over the residence and therefore maintained constructive possession of the firearms.

For the above-stated reasons, we affirm Gavin's conviction and the district court's order denying Gavin's motion for judgment of acquittal in the first trial.

**AFFIRMED.**