# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40124
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 14, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ANTONIO SANDOVAL,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 2:11-CR-773-1

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Antonio Sandoval appeals the revocation of his supervised release ("SR"). At his revocation hearing, Sandoval pleaded true to the allegation that he had violated the terms of his SR by traveling outside the judicial district without permission from his probation officer; he pleaded not true to the allegations that he committed the crimes of possession of methamphetamine in violation

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40124

of Texas Health and Safety Code § 481.112 and conspiracy to possess with intent to distribute and possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846 and that he associated with a convicted felon or a person engaged in criminal activity without the permission of his probation officer.  The district court found that Sandoval had violated his SR on each of the grounds alleged and sentenced him to concurrent prison terms of fifteen months for each violation.

Sandoval maintains that the court erred in determining that he violated his SR on the allegations that he contested.  He asserts that there was insufficient evidence that he was aware that the vehicle that he was driving contained methamphetamine in a compartment.  We review the decision to revoke SR for abuse of discretion.  *United States v. McCormick*, 54 F.3d 214, 219 (5th Cir. 1995).  A district court may revoke a term of SR on a finding, by a preponderance of the evidence, that a defendant violated a condition of SR.  *Id.*; 18 U.S.C. § 3583(e)(3).

The revocation of Sandoval's SR was warranted on the basis of the violation to which he pleaded true.  *See McCormick*, 54 F.3d at 219 & n.3; U.S.S.G. §§ 7B1.1(a)(3), 7B1.3(a)(2).  Ordinarily, our inquiry need go no further, *see McCormick*, 54 F.3d 219 n.3, but Sandoval urges that we should address his claim of error regarding the other violations because the district court's finding affected the sentence.

Even if, *arguendo*, Sandoval's sentence was influenced by the violations that he contested, his claim that there was insufficient evidence to revoke his SR on those grounds is unavailing.  The evidence reflected that Sandoval was driving the truck in which the methamphetamine was located and possessed the key that opened the compartment in which the drugs were found; thus, there was evidence to support that he had constructive possession and

2

knowledge of the drugs, which were easily accessible to him. *See United States v. Maldonado*, 735 F.2d 809, 817–18 (5th Cir. 1984); *United States v. Caballero*, 712 F.2d 126, 129–30 (5th Cir. 1983); *United States v. Martinez*, 588 F.2d 495, 498–99 (5th Cir. 1979), *abrogation on other grounds recognized by United States v. Gavin*, 394 F. App'x 643, 645 (11th Cir. 2010).

There was further circumstantial evidence to support guilt. *See United States v. Pennington*, 20 F.3d 593, 598 (5th Cir. 1994). Sandoval's unauthorized and unexplained trip outside the judicial district suggests that he sought to avoid revealing his location and intention, which supports guilty knowledge. His implausible explanation that he was searching for work suggests his guilt. *See United States v. Villarreal*, 324 F.3d 319, 325 (5th Cir. 2003). Moreover, additional methamphetamine was found in a baggie in the backseat of the truck, which supports the inference that Sandoval knew that there also were drugs in the compartment. *See Pennington*, 20 F.3d at 598. The quantity and value of the methamphetamine found—which exceeded that suitable for personal consumption, was consistent with distribution, and was found with indicia of distribution (i.e., a digital scale)—further supported a finding that Sandoval had guilty knowledge. *See Villarreal*, 324 F.3d at 324.

Accordingly, a preponderance of the evidence supported that Sandoval committed the challenged violations. Therefore, the decision to revoke his SR on those grounds was not an abuse of discretion. § 3583(e)(3); *McCormick*, 54 F.3d at 219.

AFFIRMED.