| .PER CURIAM.
Granted. The ruling of the district court granting respondent’s motion to suppress is reversed and this case is remanded for further proceedings. A warrant authorizing the search of a particularly described premises permits the search of vehicles owned or controlled by the owner of, and found on, the premises. United States v. Evans, 92 F.3d 540, 543 (7th Cir.1996); United States v. Singer, 970 F.2d 1414, 1418 (5th Cir.1992); United States v. Percival, 756 F.2d 600, 612 (7th Cir.1985); United States v. Napoli, 530 F.2d 1198, 1200-01 (5th Cir.1976); see also 2 Wayne R. LaFave, Search and Seizure, § 4.10(b), p. 667 (1996) (“The assumption seems to be that a vehicle should be viewed in the same way as any other personal effects found on the described premises.”). In the present case, as described by testimony at the hearing on the motion to suppress, the fence which splits the driveway of defendant’s home “serves to demark a specific area of land immediately adjacent to the house that is readily identifiable as part and parcel of lathe house.” United States v. Dunn, 480 U.S. 294, 302, 107 S.Ct. 1134, 1140, 94 L.Ed.2d 326 (1987). The vehicle located next to the house in that area of land behind the fence was therefore on the premises targeted for the search and subject to the authority of the warrant because it was capable of concealing the sought-after contraband. See United States v. Ross, 456 U.S. 798, 820-21, 102 S.Ct. 2157, 2170-71, 72 L.Ed.2d 572 (1982)(“A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search.”).