JUDE G. GRAVOIS, Judge.
li>The defendant, Turell Washington, has appealed his conviction of attempted possession of cocaine. For the reasons that follow, we affirm.

FACTS

In April 2007, the Jefferson Parish Sheriffs Office obtained information from a confidential informant that a black male was distributing large quantities of crack cocaine from a residence located at 645 Emile Avenue in Westwego, Louisiana. The informant also advised that this individual drove a red Chevrolet Monte Carlo. Pursuant to this information, Detective Shane Klein established surveillance of the residence and observed a red Monte Carlo there. It was determined by a license plate check that the Monte Carlo was registered to defendant. A controlled buy from this residence was subsequently completed, which produced a quantity of crack cocaine. Based on this information, the officers requested a search warrant, which was granted on April 5, 2007.
Is At trial, Lieutenant John Ladd of the Jefferson Parish Sheriffs Office testified that he conducted surveillance of the residence on April 13, 2007, prior to the warrant being executed. He observed the Monte Carlo parked outside in front of the residence. Several individuals were loitering in front of the residence, including defendant. Defendant proceeded to and from the passenger door of the vehicle once or twice, unlocking the door with a remote, and leaning into the vehicle. As officers approached the residence in execution of the warrant, two individuals fled from the scene, while the others ran inside, locking the door behind them. The officers forced the door open with a breaching tool. Defendant was found in the kitchen bent down in front of a kitchen drawer with the face or front missing.
Lieutenant Ladd explained that all occupants of the residence, including defendant, were detained and advised of their Miranda[1] rights. The detainees were then brought outside so that a canine sniff could be conducted of the residence. While he was outside with defendant, Lieutenant Ladd questioned him about the vehicle and defendant responded that he did not own the vehicle, nor did he know to whom it belonged. Defendant admitted that he had keys on him, but he did not know if any of the keys were for the vehicle. Lieutenant Ladd then asked if he could check to see if the keys fit the vehicle and defendant responded that he did not care, as the vehicle was not his. Lieutenant Ladd gave the keys to Sergeant Jason Monnerjahn, who unlocked the vehicle with the keys.
A canine sniff was conducted of the residence and the vehicle. In the residence, the dog alerted to a bedroom and the kitchen. Agent Harold Bourgeois discovered a clear plastic bag containing numerous off-white rocks underneath the bed and two clear plastic bags that contained off-white rocks in the kitchen drawer |4with the missing face. The substance in *1160 both bags was confirmed to be cocaine, with the bag from the bedroom weighing 21.6 grams and the bag from the kitchen weighing 1.31 grams.
The dog also alerted to the passenger door and the center console inside the Monte Carlo. Sergeant Monnerjahn conducted a search of the center console and discovered a blue makeup bag containing two clear plastic bags of an off-white powdery substance, which was confirmed to be cocaine weighing 124.75 grams.
Detective Todd Vignes testified that defendant stated that he would have to “take his lick for what was in the car,” but not for what was in the house.
Defendant was arrested and charged with possession of cocaine in excess of 28 to 199 grams. The matter proceeded to a jury trial on October 20-21, 2010, and at the conclusion of the trial, the twelve-person jury returned the responsive verdict of attempted possession of cocaine in excess of 28 to 199 grams. On October 28, 2010, the trial court sentenced defendant to 15 years imprisonment at hard labor. On November 10, 2010, defendant was adjudicated a second felony offender and was sentenced to 15 years imprisonment at hard labor without the benefit of probation or suspension of sentence. Defendant was granted this out-of-time appeal pursuant to an application for post-conviction relief.

ASSIGNMENT OF ERROR NUMBER ONE

The trial court erred in failing to suppress the evidence.

In his first assignment of error, defendant argues that the cocaine seized from the red Monte Carlo should have been suppressed because the scope of the search warrant did not encompass the vehicle.
The Fourth Amendment to the United States Constitution and Article 1, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Rogers, 09-13, p. 10 (La.App. 5 Cir. 6/23/09), 19 So.3d 487, 493, writ denied, 09-1688 (La.4/9/10), 31 So.3d 382. The remedy for evidence derived from an unreasonable search or seizure is exclusion of the evidence from trial. Id. Thus, a defendant who is adversely affected may move to suppress any evidence from use at trial on the ground that it was unconstitutionally obtained. LSA-C.Cr.P. art. 703(A); Rogers, 09-13 at 10, 19 So.3d at 494. In a hearing on such a motion to suppress, the State has the burden of proof in establishing the admissibility of any evidence seized without a warrant. LSA-C.Cr.P. art. 703(D); Rogers, 09-13 at 9, 19 So.3d at 493. When ruling on a motion to suppress, the trial court is afforded great discretion, and its ruling will not be disturbed absent an abuse of its discretion. Rogers, 09-13 at 9, 19 So.3d at 493.
In the present case, the “Application for and Affidavit in Support of a Search and Seizure Warrant” states, in pertinent part:
During the month of April, 2007, Detective Shane Klein and Sergeant Todd Vignes of the Jefferson Parish Sheriffs Office, Narcotics Division, met and spoke to a confidential informant. During this meeting, the confidential informant explained that they had firsthand knowledge of a black male subject, distributing large quantities of crack cocaine from a residence located at 645 Emile Avenue, Westwego, Louisiana. The confidential informant explained they have been present at 645 Emile Avenue when this subject has sold quantities of crack cocaine.
The confidential informant explained to Detective Klein that this subject drives a red Monte Carlo. The confidential informant further explained that *1161 they were in a position to purchase a quantity of crack cocaine from this subject at the request of Detective Klein and Sergeant Vignes. The confidential informant described this subject as being in his early thirties, six feet two inches tall medium build. The confidential informant further explained that this subject has short hair with gold teeth.
Given this information, Detective Klein drove to 645 Emile Avenue, West-wego, Louisiana. Detective Klein observed the residence to be the same as the confidential informant described including a red Monte Carlo bearing a Louisiana license plate number of PBZ558. Detective Klein learned that this license plate is [firegistered to a Terrell [sic] Washington who resides at 3648 Loyola Drive, Apartment 112, Ken-ner, Louisiana.
[[Image here]]
Based upon the information detailed above, Detective Shane Klein respectfully requests an order of search be issued for the residence and property including all vehicles and buildings located at 645 Emile Avenue, Westwego, Louisiana. This address is located within the Parish of Jefferson and State of Louisiana, authorizing the search for controlled dangerous substance, more specifically crack cocaine; any instrumentality’s employed in its use, packaging, and distribution; any documentation regarding residency or associated with narcotic trafficking; and any assets, including currency, which may be the proceeds of the narcotic trafficking as well as the currency used in the above described controlled purchase. Detective Klein request [sic] that said search include daytime, nighttime, Sunday and holiday searches.
(Emphasis added.)
Based on this affidavit, a search warrant was issued which states, in pertinent part: “You are hereby ordered to search forthwith the aforesaid premises for the property specified ...,” where the “property specified” is the “one story, single family dwelling, located at 645 Emile Avenue, Westwego, Louisiana.”
Based on our review of the application, the warrant and the jurisprudence, we find that defendant’s argument on this issue is without merit. Although the affidavit on which the warrant was based refers several times specifically to the Monte Carlo, the warrant itself does not refer to any vehicles. However, a warrant authorizing the search of a particularly described premises permits the search of a vehicle located on the premises targeted for the search and subject to the authority of the warrant. State v. Smith, 02-1842, p. 1 (La.9/20/02), 827 So.2d 1122, 1123 (per curiam); State v. Carter, 10-973, p. 8 (La.App. 5 Cir. 8/30/11), 75 So.3d 1, 5. The rationale behind this holding is that the vehicle is capable of concealing the sought-after contraband. Id. Accordingly, the search of defendant’s vehicle was valid pursuant to the warrant since it was parked in front of the residence which |7was the target of the search and which was particularly described in the warrant. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO

The evidence was insufficient to uphold the conviction.

In his second assignment of error, defendant argues that the evidence was insufficient to convict him of attempted possession of cocaine in excess of 28 to 199 grams. Specifically, he contends'that the State failed to prove he was in constructive possession of the drugs found in the red Monte Carlo.
*1162 In reviewing the sufficiency of the evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under the Jackson standard, the reviewing court is required to consider the whole record and determine whether any rational trier of fact would have found guilt beyond a reasonable doubt. State v. Jones, 08-20, p. 6 (La.App. 5 Cir. 4/15/08), 985 So.2d 234, 240.
In the present case, defendant was charged with possession of cocaine in excess of 28 to 199 grams in violation of LSA-R.S. 40:967(F), but was found guilty of the responsive verdict of attempted possession of cocaine in excess of 28 to 199 grams. To prove an attempt to possess, “the State must prove that the defendant committed an act tending directly toward the accomplishment of his intent, i.e., possession of the drug.” State v. Ruffin, 96-226, p. 5 (La.App. 5 Cir. 8/28/96), 680 So.2d 85, 87 (citations omitted). To support an attempted possession | sconviction, the State need only establish constructive possession, rather than actual or attempted actual possession. Id.
A person not in physical possession of a drug may have constructive possession when it is established that the drugs are under that person’s dominion or control. State v. Henry, 08-658, p. 8 (La. App. 5 Cir. 10/27/09), 27 So.3d 935, 942, writ denied, 09-2485 (La.4/23/10), 34 So.3d 269. However, the mere presence of a defendant in the area where drugs are found or mere association with the person found in possession of the drugs is insufficient to constitute constructive possession. Id.
The question of possession hinges on the particular facts of each case. Id. Factors to be considered in determining whether the defendant exercised dominion and control sufficient to constitute constructive possession include: (1) the defendant’s knowledge that illegal drugs were in the area; (2) the defendant’s relations with the person found to be in actual possession; (3) the defendant’s access to the area where the drugs were found; (4) evidence of recent drug use by the defendant; (5) the existence of paraphernalia; and (6) evidence that the area was frequented by drug users. Id., 08-658 at 8-9, 27 So.3d at 942-43.
Mere ownership of a vehicle is not sufficient to prove constructive possession. United States v. Maldonado, 735 F.2d 809, 817 (5th Cir.1984). However, possession of the keys to a vehicle containing contraband has been held sufficient to establish constructive possession. United States v. Martinez, 588 F.2d 495, 498-99 (5th Cir. 1979).[2]
|aIn the present case, officers were informed that defendant drove the red Monte Carlo, a registration check revealed that defendant was the owner of this vehicle despite his assertions to the contrary, the keys to this vehicle were found on *1163 defendant’s person, and defendant was seen accessing the vehicle immediately pri- or to the cocaine being discovered in the vehicle. Further, a significant quantity of the cocaine was recovered from the vehicle (124.75 grams). Additionally, defendant stated that he would have to “take his lick for what was in the car.”
This evidence, when viewed in the light most favorable to the prosecution, is sufficient to convince a rational trier of fact beyond a reasonable doubt that defendant was in constructive possession of cocaine in excess of 28 to 199 grams. Therefore, the jury committed no error in returning the responsive verdict of attempted possession. As such, this assignment of error is also without merit.

ERRORS PATENT REVIEW

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La. App. 5 Cir.1990).
We note that defendant’s original sentence was illegally lenient. At the time of relator’s offense, a violation of LSA-R.S. 40:967(F) carried a penalty between five and thirty years at hard labor and a fine between $50,000 and $150,000. Defendant was sentenced to fifteen years at hard labor, but was not fined. However, this defect became moot when defendant’s original sentence was vacated and the enhanced sentence was imposed.[3] State v. Jones, 10-281, p. 7 (La.App. 5 Cir. 10/26/10), 51 So.3d 792, 797 (citations omitted). Therefore, no corrective action is required.
Further, the record indicates that defendant was not advised of his multiple offender rights as required by LSA-R.S. 15:529.1(D)(1)(a). However, the failure of the trial court to advise a defendant of his right to a hearing and his right to remain silent is not considered reversible error where the defendant’s multiple offender status is established by competent evidence offered by the State at a hearing rather than by admission of the defendant. State v. Reichard, 04-110 (La.App. 5 Cir. 7/27/04), 880 So.2d 97, 103. In the present case, defendant’s multiple offender status was established by competent evidence offered by the State at a hearing rather than by admission of defendant; consequently, the trial court’s failure to advise defendant of his multiple offender rights did not constitute reversible error and no corrective action is necessary.

CONCLUSION

For the foregoing reasons, defendant’s conviction is affirmed.

AFFIRMED

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. In United States v. Martinez, the defendant, who was neither the owner nor the driver of the vehicle, possessed the key to the trunk of the vehicle, as well as keys which unlocked two chests containing marijuana in the trunk of the vehicle. We note that United States v. Martinez has been abrogated, although on grounds not germane to this discussion. See United States v. Gavin, 394 Fed.Appx. 643, 645 (11th Cir.2010), cert. denied, - U.S. -, 131 S.Ct. 1836, 179 L.Ed.2d 790 (2011); United States v. Moya, 74 F.3d 1117, 1120 (11th Cir.1996).

. It is also noted that the multiple offender statute does not authorize the imposition of a fine, but only provides for enhanced sentences relating to the term of imprisonment. State v. Jones, 10-281 (La.App. 5 Cir. 10/26/10), 51 So.3d 792, n. 4.