# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

**23-506**


**STATE OF LOUISIANA**

**VERSUS**

**TERRI LATRELLE WILLIAMS**


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 355-692
HONORABLE WILLIAM GREGORY BEARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**GARY J. ORTEGO**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Candyce G. Perret, and Gary J. Ortego, Judges.


**AFFIRMED.**

**Hon. Phillip Terrell, Jr.**
**District Attorney**
**Kenneth A. Doggett, Jr.**
**Assistant District Attorney**
**Ninth Judicial District**
**P. O. Box 7358**
**Alexandria, La 71306-7358**
**(318) 473-6650**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Paula Corley Marx**
**Louisiana Appellate Project**
**P. O. Box 82389**
**Lafayette, LA 70598-2389**
**(337) 991-9757**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Terri Latrelle Williams**

**ORTEGO, Judge.**

Defendant, Terri Latrelle Williams, appeals her convictions for possession with the intent to distribute a schedule II controlled dangerous substance, to wit: fentanyl, in violation of La.R.S. 40:967(A)(1), and for illegal carrying of weapons with drugs, to wit: cocaine, in violation of La.R.S. 14:95(E), and her resulting sentences. For the reasons that follow, we affirm Defendant's convictions and sentences.

## PROCEDURAL HISTORY

On June 8, 2022, the State filed a bill of indictment charging Defendant, Terri Latrelle Williams, with the illegal carrying of weapons with drugs, to wit: cocaine, in violation of La.R.S. 14:95(E) and possession with the intent to distribute a schedule II controlled dangerous substance, to wit: fentanyl, in violation of La.R.S. 40:967(A)(1). On June 27, 2022, Defendant entered a plea of not guilty to both charges.

On December 14, 2022, the State filed a Notice of Intent and Request for Hearing under Louisiana Code of Evidence Article 404 to offer evidence of other crimes committed. Following a hearing on January 11, 2023, the trial court granted the State's motion to allow the evidence to be introduced at trial.

On January 25, 2023, Defendant, through trial counsel, filed a Notice of Defense Based Upon Mental Condition Pursuant to Louisiana Code of Criminal Procedure Article 726. Thereafter, on January 27, 2023, the State filed a Motion in Limine to prevent Defendant from introducing evidence based on a mental defect pursuant to Louisiana Code of Criminal Procedure Article 651, since she entered a plea of "not guilty." After a hearing on February 6, 2023, the trial court granted the State's motion and denied Defendant's introduction of evidence.

1

On February 9, 2023, a jury trial commenced. Shortly thereafter, a unanimous jury found Defendant guilty on both counts of illegal carrying of weapons with drugs and possession with the intent to distribute fentanyl.

Defendant, through counsel, filed a motion for a new trial on March 8, 2023. Following a hearing on March 13, 2023, the trial court denied Defendant's motion.

On April 10, 2023, the trial court sentenced Defendant to seven years at hard labor without the benefit of probation, parole, or suspension of sentence for the offense of illegal carrying of weapons with drugs and twenty years at hard labor without the benefit of probation, parole, or suspension of sentence for the offense of possession with the intent to distribute fentanyl. In addition, the trial court ordered Defendant to pay a $5,000 fine for each offense and required the sentences to be served concurrently.

Defendant, through counsel, now seeks review alleging two assignments of error. Defendant contends that the evidence presented at trial was insufficient and that the trial court improperly admitted evidence of "other crimes" at trial.

## FACTS

On March 24, 2022, the Rapides Parish Sheriff's Office executed a search warrant at 1817 Rosalie Street in Alexandria, Louisiana, wherein Defendant, Jerry Lowe, and Gregory Harville, were present. After conducting a search of the premises and vehicles, officers located narcotics and firearms inside of Defendant's vehicle. Defendant and co-defendant, Gregory Harville, were subsequently arrested.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## LAW AND DISCUSSION

We first note that there are two separate warranted searches that are relevant to this appeal. For clarity, what follows is a general summary of each search.

The first search, which deals directly with the Defendant's convictions and this appeal, took place on March 24, 2022. It involved Defendant's vehicle. This search produced a black purse containing Defendant's ID, one thousand one hundred and four dollars in cash, and other items. Further, the search of her vehicle produced narcotics and firearms as discussed below in evidence presented at trial.

The second search, which deals directly with evidence of Defendant's other crimes, is more fully addressed below in Assignment of Error Number Two. This search took place in May of 2022 and was conducted in Defendant's apartment where she was alone. This search produced the same black purse found in the first search, along with two digital scales and one thousand six hundred dollars in cash. Inside that purse was a cylinder containing various narcotics discussed below.

## ASSIGNMENT OF ERROR NUMBER ONE

In her first assignment of error, Defendant contends the evidence presented was insufficient to convict her of illegal carrying of weapons with drugs and possession with the intent to distribute fentanyl. Given this first assigned error, we will look at a summary of the evidence presented at trial.

### Evidence Presented at Trial

The State first called Detective Joseph Gross, an eleven-year Narcotics Detective for the Rapides Parish Sheriff's Department and a Task Force Officer for the Federal Bureau of Investigation, to testify. Detective Gross stated that in May of 2022, he executed a search warrant at Defendant's apartment on Sanders Street in Alexandria, Louisiana. Detective Gross testified that once he entered the apartment,

3

he secured the residence and placed Defendant in handcuffs; no one else was present. Thereafter, Detective Gross said, he searched the apartment and found Defendant's black purse on the couch with a mini cylinder container inside of it. Once opened, Detective Gross testified the cylinder contained bags of fentanyl, methamphetamine, and hydrocodone pills; the bags and pills were later processed and counted at the Rapides Area Drug Enforcement Office. Detective Gross also stated he found two digital scales along with sixteen hundred dollars during his search of Defendant's apartment. Although the evidence found during Defendant's May arrest had no relation to Defendant's March arrest, the matter at trial, Detective Gross noted the evidence demonstrated an ongoing distribution of narcotics.

Courtney Cecil, an expert in Forensic Chemistry, testified that while working as a forensic chemist at the Drug Enforcement Administration in Miami, Florida, she performed tests to determine the contents of the evidence provided. According to Ms. Cecil, the test results concluded evidence "1B17" weighed less than a gram and contained heroin or some other opiate and evidence, "1B19" weighed about one gram and contained hydrocodone.

Dr. Patricia Diaz, an expert in Forensic Chemistry, testified she performed an assessment on evidence "1B16," wherein she identified the substance as fentanyl with a weight of approximately four grams.

Abimael Vasquez, an expert in Forensic Chemistry, testified he worked as a forensic chemist at the Southeast Laboratory in Miami, Florida with the Drug Enforcement Administration. Mr. Vasquez testified that he tested evidence "1B18" and his analysis report indicated that the substance contained one hundred percent pure methamphetamine and weighed less than one gram.

The State called Detective Gross to testify again. Detective Gross stated that in March 2022, he was an operator on the Rapides Parish SWAT Team. Detective Gross testified that, at that time, Detective Taylor Coutee requested the assistance of the SWAT team in executing a search warrant at 1817 Rosalie Street. Detective Gross said when he arrived, he assisted in making entry into the residence and assisted in securing the three subjects, identified as Defendant, Gregory Harville, and Jerry Lowe. The other agents conducted a search of the premises, including the vehicle parked in the driveway. Following a search of the vehicle, Detective Gross stated Agent Coutee found two handguns, a Glock 42 .380 Caliber and a Hi-Point 9-millimeter, a black purse that contained Defendant's driver's license, and a green Crown Royal bag that contained suspected methamphetamine, fentanyl, and crack cocaine. Additionally, Detective Gross testified the black purse found during this search looked like the same black purse found during the May 2022 search of Defendant's apartment.

Sergeant Latisha Gaudin of the Alexandria Police Department testified that she served as a supervisory agent for the Rapides Area Drug Enforcement, wherein she collects the money recovered as evidence in cases. Sergeant Gaudin testified that Agent Taylor Coutee brought her one thousand one hundred and four dollars ($1,104.00), eleven one hundred dollar bills and four one dollar bills. Sergeant Gaudin testified the cash is no longer in the custody of the Rapides Area Drug Enforcement; she deposited the money into a bank and received a cashier's check, which she gave to the District Attorney's Office.

Mr. Randall Robillard, an expert in forensic chemistry, testified he performed an analysis report of the evidence submitted to him, and the results of his report indicated the substances contained methamphetamine, cocaine, and fentanyl.

5

Gregory Harville, co-defendant, testified Defendant was his long-term girlfriend of over ten years. Mr. Harville claimed ownership of the drugs found during the March 2022 search, admitting he purchased the drugs with the intention to sell them because "[he's] a dealer, man." When questioned regarding how the drugs ended up in Defendant's black purse, Mr. Harville testified he put the drugs in there and then placed the purse in Defendant's vehicle because he did not want anyone to steal the drugs while he went to the store, and stated Defendant was asleep during this time.

Major Kary Beebe, an expert in the field of Narcotics Distribution, testified he worked as a supervisor over the Narcotics Division at Rapides Parish Sheriff's Office. Major Beebe noted some factors used to determine whether a person intended to distribute drugs, which included: (1) number of individual baggies present, (2) total weight of the drugs, (3) presence of a scale, and (4) the amount of money on the individual's person at the time of the search. According to Major Beebe, two milligrams is the normal dosage of fentanyl, so when a defendant has more than that, "there's no doubt" the person had the intent to distribute. Thus, in Major Beebe's opinion, with the evidence presented at trial, Defendant was selling and distributing drugs.

*Appellant's Arguments*

Defendant argues the evidence admitted was insufficient to prove beyond a reasonable doubt that on or about March 24, 2022, she possessed a firearm while in possession of cocaine and possessed fentanyl with the intent to distribute. Defendant contends her conviction rested solely upon the State's use of her subsequent May 2022 arrest. Defendant asserts the State presented no physical evidence to link the drugs nor the weapons to her, even though she owned the vehicle in which the drugs

and weapons were found. Moreover, Defendant claims the drugs belonged to Mr. Harville, which he admitted at trial. In conclusion, Defendant contends the State failed to prove a nexus between possession of drugs and the firearms found in her vehicle to convict her of possession with the intent to distribute fentanyl and the illegal carrying of weapons with drugs.

*State's Arguments*

The State argues it proved beyond a reasonable doubt that Defendant jointly possessed, with Harville, the firearms and illegal narcotics recovered in Defendant's vehicle. The State contends, by presenting evidence demonstrating her ownership the vehicle, Defendant had dominion and control over the drugs and firearms, and by doing so, the evidence was sufficient to find her guilty of the illegal carrying of weapons. Moreover, the State asserts Defendant's intent to distribute drugs was corroborated by her subsequent arrest in May 2022. Thus, the State concludes, the evidence admitted was also sufficient to find Defendant guilty of possession with the intent to distribute fentanyl.

### Standard of Review

The analysis for the sufficiency of evidence is well settled:

When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, *rehearing denied*, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979), *State ex rel. Graffagnino v. King*, 436 So.2d 559 (La.1983); *State v. Duncan*, 420 So.2d 1105 (La.1982); *State v. Moody*, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witnesses, and therefore, the appellate court should not second guess the credibility determinations of the triers of fact beyond the sufficiency evaluations under the *Jackson* standard of review. *See State ex rel. Graffagnino*, 436 So.2d 559 (*citing State v. Richardson*, 425 So.2d 1228 (La.1983)). In order for this Court to affirm a conviction, however, the record must reflect

7

that the state has satisfied its burden of proving the elements of the crime beyond a reasonable doubt.

*State v. Kennerson*, 96-1518, p. 5 (La.App. 3 Cir. 5/7/97), 695 So.2d 1367, 1371.

I.     *Illegal Carrying of Weapons with Drugs*

Defendant was convicted of the illegal carrying of weapons with drugs. Louisiana Revised Statutes 14:95(E), in pertinent part, states that an offender commits the crime of the illegal carrying of weapons when she:

> uses, possesses, or has under [her] immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while unlawfully in the possession of a controlled dangerous substance except the possession of fourteen grams or less of marijuana, or during the unlawful sale or distribution of a controlled dangerous substance.

Thus, to convict Defendant of the illegal carrying of weapons with drugs, "the State was required to prove beyond a reasonable doubt that Defendant: '(1) knowingly or intentionally possessed any firearm or other instrumentality customarily used o[r] intended for probable use as a dangerous weapon, while at the same time (2) knowingly or intentionally possessing a controlled dangerous substance . . ..'" *State v. Thompson*, 06-474, p. 2 (La.App. 3 Cir. 11/8/06), 943 So.2d 621, 623, *writ denied*, 06-2959 (La. 9/14/07), 963 So.2d 993, (alteration in original), (quoting *State v. Blanchard*, 99-3439, p.10 (La. 1/18/01), 776 So.2d 1165, 1174.)

In *State v. Lattin*, 52-127 (La.App. 2 Cir. 9/26/18), 256 So.3d 484, the second circuit addressed the issue of the sufficiency of the evidence of a conviction of the illegal carrying of weapons with drugs. The local sheriff's department executed a warrant at a residence, where drug activity was suspected. After searching the residence, the officers located approximately 22 grams of marijuana, a scale, and a firearm in Lattin's bedroom. Lattin claimed ownership of the drugs and the scale,

but his girlfriend's nephew claimed ownership of the firearm. The State only charged Lattin because the nephew could not answer any questions pertaining to the firearm, such as the location. Lattin was subsequently found guilty after a jury trial. Thereafter, he appealed, arguing there was insufficient evidence to sustain his conviction because the State failed to prove he knew the location of the gun or had the intent to possess the gun. In its review of the case, the appellate court stated:

> The Louisiana Supreme Court has specifically held that in La. R.S. 14:95(E), the term "possess" "is broad enough to encompass both 'actual' and 'constructive' possession." *State v. Blanchard*, 1999-3439 (La. 1/18/01), 776 So.2d 1165, 1170. The question of whether there is sufficient "possession" to convict is dependent on the facts of each case. *State v. Harris,* 1994-0970 (La. 12/8/94), 647 So.2d 337, 338-39; *State v. Bell,* 566 So.2d 959, 960 (La. 1990); *State v. Johnson*, 2003-1228 (La. 4/14/04), 870 So.2d 995.

> Actual possession means having an object in one's possession or on one's person in such a way as to have direct physical contact with and control of the object. *State v. Ruffins*, 41,033 (La. App. 2 Cir. 9/20/06), 940 So.2d 45, *writ denied*, 2006-2779 (La. 6/22/07), 959 So.2d 494.

> Constructive possession of a firearm occurs when the firearm is subject to the defendant's dominion and control. *State v. Johnson, supra* at 998. A defendant's dominion and control over a weapon constitutes constructive possession even if it is only temporary and even if the control is shared. However, mere presence of a defendant in the area of the contraband or other evidence seized alone does not prove that he exercised dominion and control over the evidence and therefore had it in his constructive possession. *Id.*; *State v. Stephens*, 49,680 (La. App. 2 Cir. 5/20/15), 165 So.3d 1168; *State v. Heard*, 46,230 (La. App. 2 Cir. 5/18/11), 70 So.3d 811, *writ denied*, 2011-1291 (La. 12/2/11), 76 So.3d 1175.

> Constructive possession also entails an element of awareness or knowledge that the firearm is there and the general intent to possess it. *State v. Turner*, 46,049 (La. App. 2 Cir. 2/16/11), 57 So.3d 1209. Such guilty knowledge may be inferred from the circumstances of the transaction and proved by direct or circumstantial evidence. *State v. Johnson*, *supra*.

> In *State v. Blanchard*, *supra*, the Louisiana Supreme Court held that in order to prove a violation of La. R.S. 14:95(E), when a defendant is found to be in constructive possession of a firearm while

simultaneously in possession of a CDS, the state must prove that there is a nexus between the firearm and the CDS:

> [W]e find that under La. R.S. 14:95(E), when it cannot be established that the defendant was using or in actual possession of a firearm or that a firearm was within his or her immediate control, the state must prove more than mere possession of the firearm. It must prove some connection between the firearm possession and the drug offense. This connection might be established by the following evidence: (1) the type of firearm involved; (2) the type of controlled dangerous substance involved; (3) the quantity of drugs involved; (4) the proximity of the firearm to the drugs; (5) whether the firearm is loaded; and (6) any other relevant evidence.

*Id.* at 1173. The nexus requirement of La. R.S. 14:95(E) is fact sensitive. *State v. Jordan*, 06-187 (La. App. 5 Cir. 9/26/06), 938 So.2d 805, 808.

Courts have generally found evidence of constructive possession when a gun is found in an area customarily occupied by the defendant. *State v. Law*, 45,435 (La. App. 2 Cir. 8/11/10), 46 So.3d 764; *State v. Johnson*, 11-238 (La. App. 5 Cir. 12/28/11), 83 So.3d 1075. See *State v. Mose*, 412 So.2d 584 (La. 1982) (gun located in the defendant's bedroom was sufficient for constructive possession); *State v. Mickel*, 09-953 (La. App. 5 Cir. 5/11/10), 41 So.3d 532, *writ denied*, 2010-1357 (La. 1/7/11), 52 So.3d 885 (gun was under the defendant's dominion and control because it was found in a shoe box underneath the bed where he customarily slept); *State v. Roundtree*, 44,817 (La. App. 2 Cir. 3/3/10), 41 So.3d 512 (the defendant was in constructive possession of a gun found protruding from between the mattress and box spring of the bed in which the defendant had been sleeping; the defendant's girlfriend's testimony that she owned the gun and that the defendant had no knowledge of the gun was unconvincing); *State v. Drake*, 45,172 (La. App. 2 Cir. 5/19/10), 37 So.3d 582, *writ denied*, 2010-1468 (La. 1/14/11), 52 So.3d 899 (evidence was sufficient for constructive possession when weapons were found in plain view in the defendant's residence, such that he would have been aware of their presence and would have exercised dominion and control over the weapons); *State v. Lewis*, 535 So.2d 943 (La. App. 2 Cir. 1988), *writ denied*, 538 So.2d 608 (La. 1989), *cert. denied*, 493 U.S. 963, 110 S.Ct. 403, 107 L.Ed.2d 370 (1989) (presence of firearms in the defendant's home, statement by the defendant that one gun belonged to his wife, and discovery of shoulder holster in the master bedroom indicated the defendant's awareness, dominion, and control over the firearms).

*Id*. at 488-90.

After reviewing the State's evidence, the second circuit affirmed the defendant's conviction due to the firearm being found "in an area customarily occupied by the defendant" as well as his proximity to the gun. *Id*. at 492. Moreover, considering the facts of the case, the court reasoned Lattin had dominion and control over the firearm because the gun was on a dresser in a shoebox next to the bed where Lattin was sleeping. Therefore, the court concluded, viewing the evidence in a light most favorable to the State, a trier of fact could have found that the State proved beyond a reasonable doubt that Lattin was guilty of the illegal carrying of a weapon with drugs.

In comparison, here, officers recovered the firearms and cocaine in Defendant's registered vehicle, "an area customarily occupied by [herself]," and specifically, the cocaine was found in Defendant's purse. Although co-defendant, Gregory Harville, claimed ownership of the drugs at trial, he failed to claim ownership of the guns and his testimony failed to corroborate the location of one of the guns as in *Lattin*. Moreover, the State's evidence demonstrated Defendant's knowledge of guns as well as the cocaine. Additionally, Defendant could have been charged with the illegal carrying of weapons with the other drugs found in her purse.

Accordingly, after viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found the State proved beyond a reasonable doubt that Defendant possessed a firearm while in possession of cocaine.

11

*II.   Possession with the Intent to Distribute*

Defendant was also convicted of possession with the intent to distribute a schedule II controlled dangerous substance, fentanyl. Louisiana Revised Statutes 40:967(A)(1) states, in pertinent part, it is:

> unlawful for any person knowingly or intentionally . . . to produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II.

Thus, to convict Defendant of possession with the intent to distribute fentanyl, the State was required to prove that Defendant possessed fentanyl and had the specific intent to distribute fentanyl. *State v. Elzie*, 343 So.2d 712 (La. 1977).

The fifth circuit addressed the concept of possession with the intent to distribute in *State v. Williams*, 16-32 (La.App. 5 Cir. 8/24/16), 199 So.3d 1205. The State charged Williams as a principal to possession with the intent to distribute cocaine. During patrol in a high traffic area, police officers noticed a suspected drug exchange between two individuals, one of whom was a passenger of the car driven by the defendant. Following a bench trial, the defendant was found guilty as charged. Subsequently, he appealed, asserting the State's evidence was insufficient to support his conviction due to misidentification by the police. In discussing the case, the court noted:

> Possession can be actual or constructive. *See State v. Trahan*, 425 So.2d 1222, 1226 (La.1983). Actual possession amounts to physical custody of the object. *See id.* Constructive possession is when the object is not in the person's physical custody, but is under his dominion and control such that he has the ability to reduce the object to actual possession. *See id.*; *United States v. Posner*, 868 F.2d 720, 723 (5th Cir.1989). Also included within the concept of possession of a controlled dangerous substance, whether actual or constructive, is the necessary element of scienter or guilty knowledge. *See Trahan, supra.* Therefore, a defendant's mere presence in the area where drugs are found or mere association with the person found in possession of the drugs is insufficient to constitute constructive possession. *State v.*

12

*Washington*, 11-716 (La.App. 5 Cir. 03/13/12), 90 So.3d 1157, 1162. Similarly, mere ownership of a vehicle containing contraband is not sufficient to prove constructive possession of the contraband. *Id.* Yet, possession of the keys to a vehicle containing contraband has been found sufficient to establish constructive possession of the contraband. *See United States v. Martinez*, 588 F.2d 495, 498-99 (5th Cir.1979) (finding the defendant, who was neither the owner nor the driver of the vehicle, was in constructive possession of contraband found in the vehicle because he possessed the key to the trunk of the vehicle and keys to the two chests of marijuana inside the trunk of the vehicle).

The jurisprudence makes clear that the determination of whether a person is in possession of a controlled dangerous substance depends upon the peculiar facts and circumstances of each case. *See Trahan, supra.* Factors that may establish dominion or control necessary for constructive possession include but are not limited to: the defendant's knowledge that the drugs were in the area; the defendant's relationship with the person found to be in actual possession; the defendant's access to the area where the drugs were found; evidence of recent drug use by the defendant; the presence of paraphernalia; and evidence that the area was frequented by drug users. *Paul, supra*; *Washington, supra.*

With regard to the intent element, possession with intent to distribute a controlled dangerous substance requires specific intent, which "exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." La. R.S. 14:10(1). Therefore, the intent element may be established by circumstances surrounding the defendant's possession that permit reasonable inferences of an intent to distribute. *See State v. Melancon*, 14-221 (La.App. 5 Cir. 09/24/14), 151 So.3d 100, 109, writ denied, 14-2161 (La.5/22/15), 170 So.3d 982. Factors that may permit such inferences include but are not limited to: previous attempts to distribute; whether the drug was in a form consistent with distribution to others; the amount of the drug; expert or other testimony showing the amount found in the defendant's possession to be inconsistent with personal use only; and paraphernalia evidencing an intent to distribute. *Id.* Such paraphernalia includes items like a scale, large sums of cash, and weapons. *See id.* at 109-10. Absent circumstances from which an intent to distribute may be inferred, the mere possession of drugs does not evidence an intent to distribute, unless the quantity is so large that no other inference is possible. *Id.* at 110.

*Id.* at 1212–13.

After discussing the facts of the case, the court affirmed the defendant's conviction due to his involvement in the commission of the crime. The appellate court noted the defendant transported the person who conducted the drug transaction as well as the drugs in the vehicle. Thus, the court concluded the evidence was sufficient to prove beyond a reasonable doubt that the defendant was a principal to possession with the intent to distribute cocaine.

In the instant case, Defendant was not convicted as a mere "principal" to possession with the intent to distribute fentanyl as in *Williams* but as one of the persons who possessed fentanyl with the intent to distribute. As previously mentioned in *Williams*, to demonstrate possession, Defendant had to have dominion and control over the drugs, and to demonstrate intent, Defendant had to have specific intent to possess the drugs. According to the evidence presented, Defendant had knowledge that fentanyl was in her vehicle considering her long-term relationship with Mr. Harville, an admitted drug dealer, and her access to her own vehicle as the owner. The jury was convinced and found the Defendant had the specific intent to distribute the fentanyl because Defendant was found with fentanyl and scales in an arrest two months later. In addition, Major Beebe testified that the amount of fentanyl seized was consistent with a person's intent to distribute drugs and not merely for personal drug usage. Therefore, in light of the factors discussed in *Williams*, we find that Defendant possessed fentanyl with the intent to distribute.

Thus, after viewing the evidence in the light most favorable to the prosecution, we find that any rational trier of fact could have found the State proved beyond a reasonable doubt that Defendant possessed fentanyl with the intent to distribute. Accordingly, Defendant's first assignment of error lacks merit.

14

In her second assignment of error, Defendant contends the trial court abused

its discretion by allowing prejudicial other crimes evidence to be introduced at trial.

Before discussing the applicable law, we lay out a summary of the facts regarding

the evidence of other crimes.

*Statement of Facts*

On December 14, 2022, the State filed a Notice of Intent and Request for

Hearing under Louisiana Code of Evidence Article 404.  The State alleged that:

> [o]n or about May 26, 2022, Williams was found by Agent Joey Gross
> and other agents at 305 Sander St. Apt B, Pineville, LA in possession
> of a purse that contained 3 suspected hydrocodone pills, one bag of
> methamphetamine, one bag of heroin, and 31 individual bags of
> suspected fentanyl. The agents also located 2 digital scales in the
> residence.

On January 11, 2023, the trial court held a hearing on the State's motion.  The

only witness called to testify was Detective Joey Gross.  Detective Gross stated he

arrested Defendant in May of 2022.  As far as the circumstances surrounding the

arrest, Detective Gross testified:

> A.    [ ], we had -- prior to that, [ ], we had been familiar with Ms.
> Williams even before that March arrest -- [ ], we had discovered that
> she was living, [ ], in an apartment on Sanders Street in Pineville. [ ],
> after the March arrest, [ ], some other encounters that we've had with
> Ms. Williams, [ ], we were also informed on the day in May, [ ], that
> Ms. Williams was in possession of, [ ], distribution size amounts of
> Fentanyl in her apartment. I applied for a search warrant. It was granted
> and, [ ], when we made, [ ], entry into the apartment, Ms. Williams was
> the only person inside the residence. [ ], she was in the living room area,
> [ ], right by her couch. On the couch was, [ ], a purse with her ID, [ ],
> other items that belonged to her, along with, [ ], I believe it was just
> over a gram of Heroine, [ ], I'm not -- I don't recall how much
> Methamphetamine, but I want to say over 30 individual bags of
> Fentanyl that was all inside her purse, and then a digital scale, [ ], within
> walking distance over in the kitchen.

The State argued the evidence was admissible to prove the essential element of intent for the conviction of possession with the intent to distribute. However, defense counsel argued the prejudice to Defendant outweighed the probative value, making it inadmissible. The trial court found the evidence admissible, stating:

BY THE COURT:

> This is a Motion to Notice of Intent Other Crimes under Article 404(B) of our Code of Evidence. Clearly, under our Code of Evidence, does state that 404 – "evidence of a person's character or trait of her character, such as a moral quality, is not admissible in a civil or criminal proceeding for purposes of proving that he acted in conformity therein on a particular occasion, except" (As Read) under B section: Other crimes, wrongs or acts: "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therein. However, admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, provided that upon request by the accused, prosecution provide reasonable notice in advance of the nature of any such evidence it intends to introduce at trial for purposes" (As Read) Reading from a Louisiana 3rd Circuit case, *State v. Stafford*, S-T-A-F-F-0-R-D, 241 So.3d 1060, 241 So.3d 1060, that was a Third Circuit case in March of 2018, [ ], the case cites "State's burden is to prove the defendant committed the other crimes, wrongs, or acts by clear and convincing evidence." (As Read) They actually cite a First Circuit case that discussed the other crimes evidence in order for it to be admitted as proof of intent: "(1) the prior acts must be similar." (As Read) The two acts here are possession of a CDS with intent to distribute. The March 24th investigation of which that is what the defendant is on trial for is possession with intent. The May 26th, 2022 investigation is an investigation with possession with intent, so those are similar. "Must -- (2), must be a real and genuine contested issue of intent at trial." (As Read) Well, when both of them have possession with intent, the intent is an issue at trial. "And the probative value of the evidence must outweigh it's [sic] [ ], prejudicial effect." (As Read) Here these -- the Court does not see that there is any kind of undue prejudice two charges that are similar. "The Supreme Court also recognizes that that when an element of intent is regarded as an essential ingredient of the crime, it's proper to admit proof of similar but disconnected crimes to show that intent with which the act charged was committed." (As Read) Based upon the reading of the Third Circuit case and further interpretations of 404E case law, [ ], the evidence of the

May 26th, 2022 investigation will be admitted at trial as other crimes, acts.

*Appellant's Arguments*

Defendant argues the trial court abused its discretion in allowing the State to introduce evidence of a subsequent arrest that occurred two months after the charged offense in this case. Defendant contends the State's evidence was extremely prejudicial and was only used to depict Defendant as having bad character or a propensity for bad behavior. Defendant admits evidence of prior bad acts may be presented to prove specific intent; however, Defendant asserts the crime committed occurred two months after, and jurisprudence only supports the admission of crimes committed prior to the case.

*State's Arguments*

In contrast, the State argues the trial court did not abuse its discretion in allowing the evidence to be admitted. According to the State, the evidence was used in accordance with the Louisiana Code of Evidence, to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident by Defendant in the distribution of narcotics. The State contends the evidence was also used to prove a material fact at issue. Thus, the State contends the probative value outweighed any danger of unfair prejudice to Defendant, and the trial court did not abuse its discretion.

***Standard of Review***

A trial court's ruling on the admissibility of evidence is reviewed for an abuse of discretion. *State v. Cosey*, 97-2020 (La. 11/28/00), 779 So.2d 675, 684. This same standard is applied to rulings on the admission of other crimes evidence and evidence under La. C.E. art. 412.2. *State v. Merritt*, 04-204 (La.App. 5 Cir. 6/29/04), 877 So.2d 1079, 1085, *writ denied*, 04-1849 (La. 11/24/04), 888 So.2d 228; *State v. Humphries*, 40,810 (La.App. 2 Cir. 4/12/06), 927 So.2d 650, 656, *writ denied*, 06-1472 (La. 12/15/06), 944 So.2d 1284.

*State v. Wright*, 11-141, pp. 10–11 (La. 12/6/11), 79 So.3d 309, 316.

<u>Discussion and Analysis</u>

In *State v. Frickey*, 22-261, pp. 37–40 (La.App. 5 Cir. 3/1/23), 360 So.3d 19, 49–50, the fifth circuit discussed the admissibility of 404(B) evidence, stating:

> The fundamental rule in Louisiana governing the use of evidence of other crimes, wrongs, or acts is that such evidence is not admissible to prove that the accused committed the charged crime because the defendant has committed similar crimes in the past. *State v. Williams*, 09-48 (La. App. 5 Cir. 10/27/09), 28 So.3d 357, 363, *writ denied*, 09-2565 (La. 5/7/10), 34 So.3d 860. *See also* La. C.E. art. 404(B)(1). Evidence of other crimes, wrongs or acts committed by the defendant is generally inadmissible because of the "substantial risk of grave prejudice to the defendant." *State v. Ard*, 20-221 (La. App. 5 Cir. 4/28/21), 347 So.3d 1046, 1055. *See also State v. Prieur*, 277 So.2d at 128.

> However, while the State may not admit evidence of other crimes to prove defendant is a person of bad character, evidence of prior crimes may be admitted if the State establishes an independent relevance aside from proving the defendant's criminal character. *State v. Brown*, 17-348 (La. App. 5 Cir. 12/20/17), 235 So.3d 1314, 1323, *writ denied*, 18-158 (La. 11/5/18), 256 So.3d 276, *cert. denied*, —— U.S. ——, 139 S.Ct. 2033, 204 L.Ed.2d 233 (2019). Such evidence is admissible to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct, formerly referred to as *res gestae*, that constitutes an integral part of the act or transaction that is the subject of the present proceeding. *See* La. C.E. art. 404(B)(1); *State v. Joseph*, 16-349 (La. App. 5 Cir. 12/14/16), 208 So.3d 1036, 1046, *writ denied*, 17-77 (La. 4/7/17), 218 So.3d 109.

> . . . .

> The State must provide the defendant with notice and move for a hearing before trial if it intends to offer other crimes evidence. *State v. Gatson*, 21-156 (La. App. 5 Cir. 12/29/21), 334 So.3d 1021, 1037. However, the State is not required to provide the defendant with notice before introducing *res gestae* evidence. *State v. Richardson*, 13-886 (La. App. 5 Cir. 5/28/14), 142 So.3d 314, 325, *writ denied*, 14-1353 (La. 2/13/15), 159 So.3d 461. *See* La. C.Cr.P. art. 720. Even when the other crimes evidence is offered for a purpose allowed under Article 404(B)(1), the evidence is not admissible unless it tends to prove a material fact at issue or to rebut a defendant's defense. *Ard*, 347 So.3d at 1055.

18

Further, the probative value of the extraneous evidence must outweigh its prejudicial effect. La. C.E. art. 403. *Maize*, 223 So.3d at 649. Any inculpatory evidence, however, is "prejudicial" to a defendant, especially when it is "probative" to a high degree. *State v. Rodgers*, 16-14 (La. App. 5 Cir. 10/26/16), 202 So.3d 1189, 1201, *writs denied*, 16-2189 (La. 9/15/17), 225 So.3d 479 and 16-2093 (La. 1/29/18), 235 So.3d 1104. As used in the balancing test, prejudice limits the introduction of probative evidence of prior misconduct only when it is unduly and unfairly prejudicial. *Id.* The term "unfair prejudice," as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the fact-finder into declaring guilt on a ground different from proof specific to the offense charged. *State v. Smith*, 19-607 (La. App. 5 Cir. 1/21/20), 2020 WL 356010, at 2, *writ denied*, 20-328 (La. 5/1/20), 295 So.3d 945.

The defendant bears the burden to show that he was prejudiced by the admission of the other crimes evidence. *State v. Miller*, 10-718 (La. App. 5 Cir. 12/28/11), 83 So.3d 178, 187, *writ denied*, 12-282 (La. 5/18/12), 89 So.3d 1191, *cert. denied*, 568 U.S. 1157, 133 S.Ct. 1238, 185 L.Ed.2d 177 (2013). Absent an abuse of discretion, a trial court's ruling on the admissibility of evidence pursuant to La. C.E. art. 404 B(1) will not be disturbed. *Richardson*, 142 So.3d at 325.

Even if the district court erred in admitting the evidence at trial, the erroneous admission of other crimes evidence is subject to harmless error analysis. *Gatson*, 334 So.3d at 1039. In determining harmless error it is "not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in the trial was surely unattributable to the error." *State v. Massey*, 11-358 (La. App. 5 Cir. 3/27/12), 97 So.3d 13, 29, *writ denied sub nom. State ex rel. Massey v. State*, 12-991 (La. 9/21/12), 98 So.3d 332.

*State v. Randolph*, 16-892 (La.App. 4 Cir. 5/3/17), 219 So.3d 425, the fourth circuit decided a case regarding the introduction of other crimes evidence. The State charged Randolph with possession with the intent to distribute marijuana, possession with the intent to distribute heroin, possession with the intent to distribute cocaine, and possession of a firearm by a convicted felon after police officers executed a search warrant at his residence. At trial, the State introduced evidence of Randolph's prior drugs charges. A unanimous jury found Randolph guilty of all charges. On appeal, Randolph argued the trial court erred in allowing the State to admit evidence

of his previous drug-related convictions, contending the evidence was more prejudicial than probative.

The fourth circuit stated:

> In order for other crimes to be admissible as evidence of intent, the prosecution must establish three prerequisites: "(1) the prior acts must be similar; (2) there must be a real and genuine contested issue of intent at trial; and (3) the probative value of the evidence must outweigh its prejudicial effect." *State v. Blank*, 2004-0204, p. 41 (La. 4/11/07), 955 So.2d 90, 124 . . . . Defendant argues that his intent is not at issue as he had not asserted that he possessed the drugs by mistake. However, the State must prove every essential element of an offense. *State v. Berniard*, 2014-0341, p. 11 (La.App. 4 Cir. 3/4/15), 163 So.3d 71, 80. Thus, because specific intent is an element of the charged crimes, when Defendant pled not guilty, he necessarily put his intent at issue.

*Id.* at 431–32.

Affirming, the fourth circuit found the evidence "'relevant to show that the crimes were not committed inadvertently or without guilty knowledge[.]'" *Id.* at 432. Moreover, the fourth circuit noted the trial court allowed the evidence to be admitted to show plan and preparation in addition to the crimes being similar. Thus, the appellate court stated the trial court did not abuse its discretion in allowing the evidence of the other crimes to be admitted.

In *State v. Richardson*, 13-886, pp. 13–14 (La.App. 5 Cir. 5/28/14,), 142 So.3d 314, 324, *writ denied*, 14-1353 (La. 2/13/15), 159 So.3d 461, the fifth circuit stated:

> The Louisiana Supreme Court has recognized that evidence of other drug sales is of great probative value in establishing intent to distribute when it is an essential element of the crime charged. *State v. Knighten,* 07-1061 (La.11/16/07), 968 So.2d 720; *State v. Grey,* 408 So.2d 1239 (La.1982). Evidence of defendant's prior conviction for possession with intent to distribute narcotics is an exception to the general prohibition against evidence of other crimes. *State v. Jackson,* 05-923 (La.App. 5 Cir. 3/28/09), 926 So.2d 72, *writ denied,* 06-1589 (La.1/8/07), 948 So.2d 121.

Generally, evidence of other crimes is not admissible to prove that the defendant committed the charged crime because the defendant committed other crimes. However, La.Code Evid. art. 404(B) does allow for the admission of such evidence for several other reasons, including intent, and specifically when intent is an essential element of the crime the State is charged with proving. Additionally, and as discussed, other crimes' evidence is also relevant to show that the instant crimes were not committed inadvertently or without guilty knowledge. Here, Defendant pled not guilty to possession with the intent to distribute which obviously has intent as an essential element the State is charged with proving. Thus, Defendant's plea necessarily puts her intent at issue.

While the court in *Richardson* was speaking about *prior* convictions, and whereas, in the instant case, a *subsequent* arrest was involved, the reasoning is the same. Here, the offenses were similar in nature to prove Defendant's intent and were not committed inadvertently as in *Randolph*. Thus, we find the other crimes evidence was not unduly prejudicial or harmful to Defendant, and the jury could have ultimately concluded Defendant formed the requisite intent necessary to find her guilty. Moreover, we find that even if the evidence of the other crimes committed were excluded, the evidence presented is sufficient to uphold the jury's verdict that the Defendant is guilty of the charged offenses.

Accordingly, the trial court did not abuse its discretion in admitting the other crimes evidence. Defendant's second assignment of error lacks merit.

**DECREE**

Defendant raises two assignments of error. We find no merit to either assignment raised. Defendant's convictions and sentences are affirmed.

**AFFIRMED.**

21